David J. Jordan (UT Bar No. 1751)
djordan@foley.com
David L. Mortensen (UT Bar No. 8242)
dmortensen@foley.com
Euigin Kim Pace (UT Bar No. 19644)
gpace@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: (801) 401-8900

Tyson D. Smith (TX Bar #24079362) (*Pro Hac Vice* Forthcoming)
tsmith@pirkeybarber.com
Stephen P. Meleen (TX Bar #00795776) (*Pro Hac Vice* Forthcoming)
smeleen@pirkeybarber.com
Ryan J. Miller (TX Bar #24131514) (*Pro Hac Vice* Forthcoming)
rmiller@pirkeybarber.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200

*Attorneys for Intellectual Property Reserve, Inc. and
   The Church of Jesus Christ of Latter-day Saints*

**IF YOU DO NOT
RESPOND TO THIS
DOCUMENT WITHIN
APPLICABLE TIME
LIMITS, JUDGMENT
COULD BE ENTERED
AGAINST YOU AS
REQUESTED.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INTELLECTUAL RESERVE, INC., a Utah Non-Profit Corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, <br><br> Plaintiffs, <br><br> v. <br><br> OPEN STORIES FOUNDATION, an Arizona Non-Profit Corporation; JOHN P. DEHLIN, an individual, <br><br> Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND COPYRIGHT INFRINGEMENT** <br><br> **AND** <br><br> **JURY DEMANDED** <br><br> Civil Action No. 2:26-cv-00321 <br><br> The Honorable Judge _____ |

Plaintiffs Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-Day Saints, by and through their counsel, hereby complain and allege against defendants Open Stories Foundation and John P. Dehlin as follows:

## INTRODUCTION

1.       Defendants Open Stories Foundation and John Dehlin operate a podcast under the name and mark MORMON STORIES. As Defendants are well aware, the public associates the term MORMON with The Church of Jesus Christ of Latter-day Saints, which has used the mark MORMON and other names and marks incorporating the term MORMON since its founding nearly 200 years ago. Defendants' use of Church trademarks and copyrighted materials has caused and will continue to cause individuals to be confused and access Defendants' content mistakenly believing it comes from or is affiliated with or endorsed by the Church. This is not by accident. Defendants adopted a blue MORMON STORIES logo with a light-rays design prominently used by the Church, showing Defendants' intent to capitalize on and increase confusion. Defendants' logo was calculated to imitate the Church's logos by using confusingly similar color, font, and other design elements, as shown below.



2.       When the Church approached Defendants about their infringement of the Church's intellectual property rights, they agreed to make some changes but ultimately would not agree to take basic actions necessary to lessen the confusion caused by Defendants' infringements.  For example, Defendants refused  to  include  a  simple  statement,  either  verbal  or  written,  at  the

beginning of podcast episodes acknowledging that Mormon Stories is not affiliated with the Church. And while Defendants assured the Church they would remove the Church's copyrighted images from their website and social media pages and would not use copyrighted images in the future, just a few days later Defendants used a copyrighted image of a Church temple to advertise a podcast episode.

3.      The Church does not seek, in any way, to influence the content of Defendants' podcast, but Defendants should not be allowed to use the Church's trademarks or other Church intellectual property to cause confusion as to the source, affiliation, connection, endorsement, or authorization of Defendants' podcast and other content.

4.      In order to fulfill its religious mission, the Church must ensure its millions of members and others seeking information about the Church can identify, recognize, and trust materials created or authorized by the Church, and distinguish them from information provided by other sources. Given the confusion caused by Defendants' persistent use of the Church's intellectual property, Plaintiffs file this Complaint to prevent Defendants' use of trademarks likely to cause confusion to the public. Plaintiffs also seek to prevent Defendants from using Church-owned copyrighted works in promoting or advertising their business or content, which contributes to the confusion.

## THE PARTIES

5.      Plaintiff The Church of Jesus Christ of Latter-day Saints is a Utah corporation sole organized under the laws of Utah with an address of 50 East North Temple, Salt Lake City, UT 84150.

6.     Plaintiff Intellectual Reserve, Inc., is a non-profit corporation organized under the laws of Utah with an address of 50 East North Temple, Salt Lake City, UT 84150. Intellectual Reserve, Inc. is an asset management entity for The Church of Jesus Christ of Latter-day Saints, which holds legal title to the Church's intellectual property, including its trademarks and copyrights. The Church of Jesus Christ of Latter-day Saints and Intellectual Reserve, Inc. are referred to collectively as "Plaintiffs" or the "Church."

7.     Defendant Open Stories Foundation is an Arizona non-profit corporation with a principal address in Salt Lake City, Utah.

8.     Defendant John P. Dehlin is an individual with an address in Salt Lake City, Utah. Defendants are collectively referred to herein as "Defendants" or "Mormon Stories."

9.     On information and belief, Defendant John P. Dehlin is the founder, principal, and current CEO of Defendant Open Stories Foundation, and directs, controls, ratifies, and participates in the activities complained of herein.

## NATURE OF ACTION AND JURISDICTION

10.     This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), copyright infringement under 17 U.S.C. § 501 *et seq.*, and other related claims under federal and Utah law.

11.     This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. §1121, as well as 28 U.S.C. §§1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

4

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and regularly conduct business in Utah and in this District, and a substantial part of the events giving rise to the acts complained of herein occurred in this District.

## FACTS

### I.     Plaintiffs' Trademarks and Copyrights

13.     The Church of Jesus Christ of Latter-day Saints is a worldwide faith, founded in the United States in 1830.

14.     Since its founding, the Church's membership has grown to over 17 million members with over 30,000 congregations in more than 160 countries and territories worldwide, and nearly 7 million members and over 14,000 congregations in the United States.

15.     Plaintiffs have continuously used in commerce marks incorporating the term MORMON for nearly 200 years. Specifically, the Church uses the marks MORMON, BOOK OF MORMON, BOOK OF MORMON STORIES, MORMON MESSAGES, MORMON CHANNEL, MORMON TABERNACLE CHOIR, BOOK OF MORMON VIDEOS, MORMON BATTALION, MORMON HANDICRAFT, and others (collectively, the "MORMON Marks") in connection with the Church's religious, humanitarian, genealogical, historical, educational, and broadcasting services, as well as written and audiovisual materials such as podcasts, videos, digital materials, instructional materials, books, photos, paintings, and music, and a wide variety of other related goods and services.

16.     Plaintiffs' use of the mark BOOK OF MORMON STORIES includes (among others) use in connection with podcasts, videos, and audio recordings in the field of history and religion.

17. Because the Church and its members hold The Book of Mormon as a sacred companion text of scripture together with the Bible, the term MORMON has been strongly associated with the Church and its members since the Church's founding.

18. For example, although the official name of the Church is The Church of Jesus Christ of Latter-day Saints, the public has long referred to and recognized the Church as the "Mormon Church" and its members as "Mormons." Consequently, the MORMON Marks have been the subject of extensive publicity. The public continues to associate the MORMON Marks with the Church.

19. Plaintiffs' MORMON Marks share the inherently distinctive term MORMON as a common characteristic. Plaintiffs' MORMON Marks are and have long been used and promoted together, including in connection with related goods and services. When used with such goods and services, the relevant public recognizes the MORMON Marks as referencing the Church and as an indication of origin. Thus, the MORMON Marks constitute a family of marks.

20. Since at least as early as May 2016, Plaintiffs have broadly and prominently used in commerce a distinctive Light-Rays Design mark (black and white registered version shown below) in various colors and orientations (the "Light-Rays Design Marks"), on or in connection with the Church's religious, humanitarian, genealogical, educational, and broadcasting services; written and audiovisual materials such as podcasts, videos, digital materials, books, livestream events, digital and print publications, photos, paintings, and music; religious, marriage, and personal counseling services; and a wide variety of other related goods and services. While Plaintiffs use the Light-Rays Design Marks in various colors and orientations, Plaintiffs'

registration for the Light-Rays Design mark shown below is in black and white, and covers all colors and orientations of the Light-Rays Design Marks.



21.     Since April 2020, Plaintiffs have also broadly and prominently used the symbol shown directly below, which at its center features a Church-commissioned representation of Bertel Thorvaldsen's marble Christus statue (the "Christus Symbol"), on or in connection with the Church's religious, humanitarian, genealogical, educational, and broadcasting services; written and audiovisual materials such as podcasts, videos, digital materials, books, livestream events, digital and print publications, photos, paintings, and music; religious, marriage, and personal counseling services; and a wide variety of other related goods and services. While Plaintiffs use the Christus Symbol in various colors, Plaintiffs' registration for the Christus Symbol is in black and white, and covers all colors of the logo.



Plaintiffs' marks referenced in paragraphs 11-17, including the MORMON Marks, the Light-Rays Design Marks, and the Christus Symbol, are collectively referred to as "Plaintiffs' Marks."

22.    The Christus Symbol is used as the Church's official visual identifier, including for official media, literature, news, and events of the Church.  The Christus Symbol has become widely associated with the Church as its primary visual identifier.

23.    Plaintiffs widely use the Light-Rays Design Marks to designate and identify the Church's official materials and offerings, including (but not limited to) across the Church's official websites and social media, on the Church's official YouTube channel, in mobile applications and the corresponding icons, in official Church audiovisual materials such as videos and streaming content, in connection with podcasts, and generally across other materials offered by the Church. The Light-Rays Design Marks are used in a variety of colors, but most often in a distinctive blue color and frequently with the Christus Symbol. Two examples of the many such uses of the Light-Rays Design Marks on official Church websites, YouTube, and social media pages are displayed directly below.

 

24.    Additional examples of such uses by Plaintiffs of the Light-Rays Design Marks in connection with official Church logos and icons are also displayed directly below:



25.     Plaintiffs' Marks are inherently distinctive, serving to identify and indicate the source of the Church's goods and services to the consuming public and to distinguish the Church's goods and services from those of others.

26.     As a result of the Church's long and extensive use and promotion of Plaintiffs' Marks, those marks are distinctive and designate the Church, distinguish the Church and its goods and services from the goods and services of others, and distinguish the source or origin of the Church's goods and services. The Church has invested significant effort and resources in advertising and promoting Plaintiffs' Marks and the goods and services offered under or in connection with those marks. As a result of the Church's efforts, the general consuming public throughout the United States widely recognizes and associates Plaintiffs' Marks with the Church and the Church's goods and services. The Church has established significant and valuable goodwill and consumer recognition in Plaintiffs' Marks.

27.     As a result of the Church's long use and extensive promotion of the Plaintiffs' Marks, the Church has acquired valuable common law rights in Plaintiffs' Marks throughout the United States.

9

28.     In addition to these extensive common law rights in the MORMON Marks, the Christus Symbol, and Light-Rays Design Marks, Plaintiff Intellectual Reserve, Inc. owns many U.S. trademark registrations for certain of Plaintiffs' Marks covering a wide array of goods and services, including at least the following:

| U.S. REG. NO. | MARK | GOODS/SERVICES |
|---|---|---|
| 3,239,919 | MORMON | Educational services, namely, providing classes, conferences, and institutes in the fields of history and religion (Int'l Cl. 41)<br><br>Genealogy services (Int'l Cl.42) |
| 2,883,572 | BOOK OF MORMON | Pre-recorded audio and video and compact discs featuring religious content (Int'l Cl. 9)<br><br>Printed matter; namely religious books, religious instructional pamphlets, and brochures; photographs, artist materials, instructional and teaching material, posters, engravings, prints of paintings, books (Int'l Cl. 16) |
| 8,018,073 | BOOK OF MORMON | Downloadable coloring books; downloadable religious books; downloadable e-books in the field of religion; downloadable educational books featuring religious content; electronic publications, namely, books and manuals featuring content in the field of religion and history recorded on computer media; audio recordings featuring content in the field of history and religion; audio recordings featuring music; audio and video recordings featuring content in the field of history and religion (Int'l Cl. 9) |
| 7,840,811 | BOOK OF MORMON STORIES | Providing a website featuring children's stories; providing online non-downloadable videos in the field of history and religion; providing online non-downloadable audio and video recordings featuring content in the field of history and religion; providing a website featuring non-downloadable videos featuring content in the field of history and religion; providing online non-downloadable electronic publications in the nature of books in the field of history and religion; providing online non-downloadable audio recordings featuring content in the field of history and religion; |

| U.S. REG. NO. | MARK | GOODS/SERVICES |
|---|---|---|
| | | entertainment services, namely, providing podcasts in the field of history and religion (Int'l Cl. 41) |
| 7,840,809 | BOOK OF MORMON STORIES | Audio and video recordings featuring content in the field of history and religion; downloadable religious books; downloadable educational books featuring religious content; audio recordings featuring content in the field of history and religion (Int'l Class 9) |
| 7,840,810 | BOOK OF MORMON STORIES | Printed children's books; printed story books; printed religious books; printed instructional, educational, and teaching materials in the field of religion and history (Int'l Class 16) |
| 5,020,314 | MORMON MESSAGES | Digital materials, namely, DVDs and downloadable video recordings featuring religious, inspirational, motivational, and self-improvement topics provided online, and downloadable videos featuring messages about values and principles important to society provided online (Int'l Class 9)<br><br>Educational and entertainment services, namely, providing messages via on-line non-downloadable videos about values and principles important to society (Int' Class 41) |
| 5,020,309 | MORMON CHANNEL | Entertainment and educational services, namely, providing continuing audio and video programs featuring music, talk, news, and religious data via a global computer network, mobile applications or other electronic or digital communications network or digital communications (Int' Class 41) |
| 2,766,231 | MORMON TABERNACLE CHOIR | Pre-recorded audio and audio-video compact discs featuring musical entertainment incorporating religious, family, and educational themes (Int'l Cl. 9)<br>Entertainment services, namely, live performances by a musical performance group (Int'l Cl. 41) |

11

| U.S. Reg. No. | Mark | Goods/Services |
|---|---|---|
| 2,913,694 | MORMON TABERNACLE CHOIR | Prerecorded compact discs, and digital video discs featuring musical entertainment incorporating religious, family, and educational themes (Int'l Cl. 9)<br><br>Publications, namely, books featuring musical performances and featuring religious, family, and educational themes (Int'l Cl. 16)<br><br>Entertainment services, namely, live performances by a musical performance group (Int'l Cl. 41) |
| 7,822,271 | BOOK OF MORMON VIDEOS | Audio and video recordings featuring content in the field of history and religion (Int'l Class 9)<br><br>Providing online non-downloadable videos in the field of history and religion; Providing online non-downloadable audio and video recordings featuring content in the field of history and religion; Providing a website featuring non-downloadable videos featuring content in the field of history and religion (Int'l Class 41) |
| 7,642,460 | MORMON BATALLION | Beverageware; water bottles sold empty (Int'l Class 21)<br><br>Shirts; tops as clothing (Int'l Class 25)<br><br>Conducting guided tours of an historical site; Museum services, namely, exhibiting to the public a historical site; Provision of live theatrical performances; providing a website featuring information on history; educational services, namely, presenting talks featuring information about a historical site (Int'l Class 41) |
| 1,524,555 | MORMON HANDICRAFT | Fabrics, towels, dish cloths, quilts, quilt kits, and wall hangings, soft gifts, and hem-stitched items of textile material (Int'l Class 24) |
| 6,142,065 | | (excerpts only – full goods and services shown in Exhibit 1)<br><br>digital media, namely, pre-recorded DVDs, downloadable audio and video recordings, and CDs featuring religious, scriptural, historical, human and family interest . . . related content; downloadable electronic publications . . . in the fields of religion, scriptures, history, human interest, family issues . . . ; downloadable audio and video programs featuring music, talk, news, and data via a global computer |

| U.S. Reg. No. | Mark | Goods/Services |
|---|---|---|
| | | network, mobile applications, or other electronic or digital communications (Int'l Class 9) |
| | | Jewelry (Int'l Class 14) |
| | | Printed publications . . . in the fields of religion, scriptures, history, human interest, family issues (Int'l Class 16) |
| | | promoting public awareness of Christian and family values; promoting public awareness in the field of social welfare; providing employment counseling and coaching services (Int'l Class 35) |
| | | Radio broadcasting services; streaming of audio, visual, and data information via a global computer network, mobile applications, or other electronic or digital communications network or digital communications device; communication services, namely, transmitting streamed sound and audio visual recordings via the internet (Int'l Class 38) |
| | | entertainment and educational services, namely, providing non-downloadable audio and video programs featuring music, talk, news, and data via a global computer network, mobile applications, or other electronic or digital communications; providing a website featuring non-downloadable audio and video recordings in the fields of religious, scriptural, historical, human and family interest . . . (Int'l Class 41) |
| | | providing a website featuring resources, namely, non-downloadable software for use in the fields of religious, scriptural, historical, human and family interest (Int'l Class 42) |
| | | spiritual counseling; marriage counseling; . . . grief counseling; Christian spiritual counseling services; providing religious counseling services; . . . counseling in the fields of developing, strengthening and sustaining well-balanced families and family relationships; . . . providing personal support services for patients and families of patients, namely, emotional counseling and emotional support; counseling services in the field of Christian conduct in personal relationships . . . (Int'l Class 45) |

13

| U.S. Reg. No. | Mark | Goods/Services |
|---|---|---|
| 6,974,951 | THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS | (excerpts only – full goods and services shown in Exhibit 1)<br><br>digital media, namely, downloadable audio and video recordings featuring religious, scriptural, historical, human and family interest . . . related content; downloadable electronic publications . . . in the fields of religion, scriptures, history, human interest, family issues . . . ; downloadable audio and video programs, namely, motion pictures, television shows, and radio programs featuring music, talk, news, and data related to religion, scriptures, history, human interest, family issues . . . provided via a global computer network, mobile applications, and other electronic or digital communications, namely, the internet (Int'l Class 9)<br><br>Printed publications . . . in the field of religion, scriptures, history, human interest, family issues . . . (Int'l Class 16)<br><br>promoting public awareness of Christian and family values; promoting public awareness in the field of social welfare; providing employment counseling services (Int'l Class 35)<br><br>Educational services, namely, providing classes, conferences, seminars, and teaching institutes in the fields of religion, scriptures, history, human interest, family issues . . . ; television and radio production and programming services, namely, production of radio and television programs; . . . providing a website featuring non-downloadable audio and video recordings in the fields of religious, scriptural, historical, human and family interest . . . (Int'l Class 41)<br><br>providing a website featuring resources, namely, non-downloadable software for allowing users to access information in the fields of religious, scriptural, historical, human and family interest. . . (Int'l Class 42)<br><br>spiritual counseling; marriage counseling; . . . grief counseling; Christian spiritual counseling services; providing religious counseling services; . . . counseling in the fields of developing, strengthening and sustaining well-balanced families and family relationships; . . . providing personal support services for patients and |

14

| U.S. REG. NO. | MARK | GOODS/SERVICES |
|---|---|---|
| | | families of patients, namely, emotional counseling and emotional support; counseling services in the field of Christian conduct in personal relationships . . . (Int'l Class 45) |
| 6,901,693 | THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS | (excerpts only – full goods and services shown in Exhibit 1) Radio broadcasting services; television broadcasting services; webcasting services; streaming of audio, visual, and data information via a global computer network available via mobile applications and other digital communications device; communication services, namely, transmitting streamed sound and audio visual recordings via the internet; . . . Providing online forums in the fields of religion, scriptures, history, human interest, family issues, music, missionary services . . . (Int'l Class 38) |

Attached hereto as **Exhibit 1** are true and correct copies of the above-referenced federal registrations.

29.    Each registration listed in the chart above is valid and subsisting. Federal Registration Nos. 1,524,555, 2,766,231, 2,883,572, 2,913,694, 3,239,919, 5,020,309, 5,020,314, and 6,142,065 have achieved incontestable status under 15 U.S.C. § 1065, and such registrations constitute conclusive evidence of the validity of the registered mark and of the registration of the marks, of the registrant's ownership of the marks, and of the registrant's exclusive right to use the registered marks in commerce, pursuant to 15 U.S.C. § 1115(b).

30.    Plaintiffs also own valid copyrights in the images shown directly below and in **Exhibit 2** (the "Copyrighted Church Images"), among others. Consistent with these rights, Plaintiffs have registered the Copyrighted Church Images with the U.S. Copyright Office. **Exhibit 2,** incorporated herein by reference, includes the Copyrighted Church Images, the copyright

15

registration numbers for those works, and examples of Defendants' infringing uses of those works (discussed further below). **Exhibit 3** contains true and correct copies of the copyright registration and renewal certificates or certificate previews for these registrations that are available to Plaintiffs at the time of filing this complaint.[1]

  

 

 

---

[1] Plaintiffs are requesting official copyright registration certificates from the U.S. Copyright Office for those not included in Exhibit 3.

 

## II.     Defendants' Unlawful Conduct

31.     Defendants provide a religious-themed podcast and related offerings under the name and mark MORMON STORIES.

32.     According to the Mormon Stories website, Defendant John P. Dehlin began the Mormon Stories podcast in 2005. Later, Dehlin formed the nonprofit corporation Open Stories Foundation in 2010. The purpose of forming the entity was to advance "the mission of Mormon Stories podcast."

33.     Mormon Stories has used a brown MORMON STORIES logo in both round and square formats as shown below (the "Brown MORMON STORIES Logo") in connection with its business, including on its website and other online platforms.

 

34.     In or around December 2022, Mormon Stories began using the blue MORMON STORIES logo shown below (the "Blue MORMON STORIES Logo"). This Blue MORMON

STORIES Logo includes a light-rays design that imitates the Church's Light-Rays Design Marks and is highly similar to the Church's logos and icons.



35.     Defendants also use, or have used, other logos featuring the mark MORMON STORIES, including the orange logo shown below (the "Orange MORMON STORIES Logo").



Defendants' MORMON STORIES word mark and logos, including the Brown MORMON STORIES Logo, the Blue MORMON STORIES Logo, the Orange MORMON STORIES Logo, and all other variations of the MORMON STORIES mark and logos used by Defendants, are referred to collectively herein as the "Defendants' Marks."

36.     Mormon Stories provides the MORMON STORIES podcast in video and audio format. The podcast is available to consumers on the Mormon Stories website at www.mormonstories.org, the Mormon Stories YouTube page at www.youtube.com/mormonstories, and other online platforms such as Apple Podcasts, Amazon, and Spotify. A screenshot of the Mormon Stories website (as it appeared before Plaintiffs pointed out Defendants' infringements) is attached as **Exhibit 4**.

18

37.     Mormon Stories also promotes and provides the MORMON STORIES podcast and content to consumers on Mormon Stories' social media pages on Facebook, Instagram, and TikTok, among others.

38.     Mormon Stories also offers other podcasts featuring the mark MORMON, including in connection with the Mormon Stories podcast, such as "Mormon Matters" and "Mormon Mental Health."

39.     Mormon Stories has also intentionally and willfully reproduced and displayed, without permission or license, identical or substantially similar copies of copyrighted images owned and previously registered by the Church on the Mormon Stories' website, YouTube page, and other social media pages to promote the Mormon Stories business and podcast, as shown in the examples directly below:



19

These and additional uses by Mormon Stories of copyrighted images owned by the Church and registered with the U.S. Copyright Office are in **Exhibit 2**. Plaintiffs believe discovery is likely to show that Defendants have reproduced and displayed additional copyrighted works owned and registered by the Church.

40.     Mormon Stories uses and has used these and other such images owned by or associated with the Church, as well as other design elements such as fonts, colors, and a light-ray motif, on its website and social media pages to intentionally create similarities and confusion with the Church's website and social media pages.

41.     For example, Mormon Stories uses or has used images of Church President Russell M. Nelson, Joseph Smith, the Church's representation of the Christus at the center of the Christus Symbol, and the well-known Salt Lake Temple in the background of the header image at the top of the Mormon Stories YouTube page near Defendants' Marks. It also has used, and continues its pattern of using, those and other images owned by or closely associated with the Church in thumbnail images promoting its podcasts, also near Defendants' Marks and sometimes with wording that suggests affiliation or connection with the Church. Examples are shown directly below:





# Mormon Stories Podcast

@mormonstories · 290K subscribers · 2.4K videos

Mormon Stories Podcast is the longest-running and most successful podcast in Mormo... ...more

donorbox.org/mormon-stories?default_interval=m and 9 more links

Subscribe    Join

Home    Videos    Shorts    Live    Podcasts    Playlists    Posts



 

42.    Mormon Stories provides podcasts, written materials, and other resources relating to the Church, religion, religious history, and related topics under Defendants' Marks, including via the Mormon Stories website.

43.    Mormon Stories uses or has used Defendants' Marks to identify the source of the services offered under the marks, and has done so in a manner calculated to create confusion with Plaintiffs' Marks.

44.    Mormon Stories was well aware of the Church and its well-known MORMON Marks and Light-Rays Design Marks prior to adopting Defendants' Marks.

45.    Mormon Stories, and specifically Defendant John P. Dehlin, knowingly and intentionally adopted and uses the name MORMON STORIES for its podcast and business, with conscious disregard of the Church's rights in the MORMON Marks and with the intent to cause confusion among consumers and to mislead the consuming public into believing that Mormon Stories is affiliated or associated with, endorsed or approved or sponsored by, or otherwise connected with the Church, when it is not.

46.    In addition, Mormon Stories intentionally adopted and uses or has used the Blue MORMON STORIES Logo featuring the Light-Rays Design Mark, which as illustrated below, is virtually indistinguishable from the Church's logos featuring the Light-Rays Design Mark.



47.     The nearly indistinguishable nature of the Blue MORMON STORIES Logo has been recognized by individuals commenting on Mormon Stories' Facebook profile image, as reflected in the screenshots below[2]:



_____

[2] For privacy purposes, the names and profile images of those posting comments have been redacted.

23





48.     Mormon Stories intentionally adopted the Blue MORMON STORIES Logo with full knowledge of the Church's Light-Rays Design Marks and the Church's use of highly similar logos.

49.     Mormon Stories financially benefits from this confusion.

50.     Defendants have not been authorized by the Church to use Defendants' Marks, the Light-Rays Design Marks, the Christus Symbol, or any mark confusingly similar to the Church's marks.

51.     Before filing this Complaint, the Church notified Defendants of its concerns and attempted to work with Defendants in making changes to mitigate the confusion they have caused and are likely to cause in the future. See **Exhibit 5**. While Defendants agreed to make some changes, they were unwilling to take the actions needed to sufficiently address the confusion they had created.  For example, Defendants refused to include a simple disclaimer at the beginning of podcast episodes, either verbally or in writing, acknowledging that Mormon Stories is not affiliated

with the Church. Additionally, while Defendants assured the Church they would remove the Church's copyrighted images from their website and social media pages and would not use copyrighted images in the future, just a few days later Defendants used an image owned and registered by the Church to advertise a Mormon Stories podcast episode.

### III.    Effect of Defendants' Actions

52.    Mormon Stories' unauthorized use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia has and is likely to continue to cause confusion, to cause mistake, or to deceive consumers and potential consumers as to Mormon Stories' affiliation, connection, or association with the Church, or as to the origin, sponsorship, or approval of Mormon Stories' goods or services by Plaintiffs, and Mormon Stories' unauthorized reproduction and display of the Church Copyrighted Images in promotional materials increases the likelihood of such confusion. Such confusion, mistake, and deception constrain the Church's ability as a religious organization to ensure its members and others seeking information about the Church can identify, recognize, and trust that materials and services they receive are the Church's legitimate and authorized materials and services, and distinguish Church materials from those provided by Mormon Stories.

53.    Mormon Stories' unauthorized use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia falsely designates the origin of Mormon Stories' goods and services, falsely or misleadingly describes and represents facts with respect to Mormon Stories and its goods or services, and falsely suggests a connection with Plaintiffs.

25

54.     Mormon Stories' unauthorized use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, and other indicia has caused actual confusion in the marketplace, as illustrated by the following comments on the Mormon Stories Facebook and YouTube pages[3]:

| |
|---|
| *[Redacted]*: I stumbled upon the Mormon Stories podcast, thinking it was church affiliated. It was quickly evident how anti it was. |
| *[Redacted]*: I've been watching the videos to do with Teal by this channel.. but I don't understand; is this channel run by Mormons? Or ex Mormons? Or people who are Mormons but against radical Mormons? Or they don't like Mormons? I don't mean to sound rude if it does, I just don't understand |
| *[Redacted]*: I was searching for LDS content not too long ago and ran across this and was deceived. I listen to half of one podcast and realized what it was never listened again. |
| *[Redacted]*: Thought the podcast was for people wanting to become mormon at first |
| *[Redacted]*: When I first saw his podcast I thought it was a church one then listened and realized it was highly anti |
| *[Redacted]*: Is Mormon Stories Podcast Anti-Mormon? this is the first one I've listened to and it feels very anti-Mormon. I'm I getting this wrong? |
| *[Redacted]*: I also thought it was an LDS podcast because of their branding. It only took one episode to know it was absolutely not friendly toward the church. |
| *[Redacted]*: You claim to be an LDS-themed podcast. Don't you mean anti-LDS? |
| *[Redacted]*: This happened to me. I saw the channel and thought it was from church members. I quickly realized that it was not and was anti content. Just last year a new convert in my ward went on to Mormon Stories, not realizing it was anti and got caught up in it. I was able to talk to her about it and she realized what was going on. |
| *[Redacted]*: Im confused what is this podcast? |
| *[Redacted]*: Hi I'm confused  r u for or against the mormon church |

---

[3] For privacy purposes, the names and social media handles of those posting these comments have been redacted.

> *[Redacted]*: Agreed. When I first came across the Mormon stories channel I thought it was a channel run my members. Quickly found out otherwise but can definitely be confusing for non member or investigator

> *[Redacted]*: I once accidentally started listening to Mormon Stories podcast not realizing it was anti-LDS. Uh! Shocked! Then quick search into who and what it was...Not shocked!

> *[Redacted]*: I thought Mormon Stories was about the Book of Mormon. I was wrong & it was hurtful.

> *[Redacted]*: I 100% agree! I subscribed to his channel immediately thinking it was church affiliated. Very purposefully deceptive.

55. Mormon Stories' unauthorized use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia enables Mormon Stories to trade on and receive the benefit of goodwill built up by Plaintiffs' labor and investment of substantial resources over many years, and to gain acceptance for Mormon Stories' goods and services not solely on their own merits, but on the reputation and goodwill of Plaintiffs, Plaintiffs' Marks, and Plaintiffs' products and services.

56. Mormon Stories' use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia diminishes Plaintiffs' ability to exclusively control the nature and quality of products and services provided under the MORMON Marks and Light-Rays Design Marks and allows Mormon Stories to negatively impact Plaintiffs' valuable reputation and goodwill.

57. Unless these acts of Mormon Stories are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiffs and to the public, for which there is no adequate remedy at law.

## COUNT I
### Federal Trademark Infringement (15 U.S.C. § 1114(1))

58.     Plaintiffs repeat the allegations above as though set forth in full herein.

59.     The acts of Defendants complained of herein constitute infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiffs' rights in Plaintiffs' Marks, and with intent to cause confusion and to trade on Plaintiffs' goodwill in Plaintiffs' Marks. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

## COUNT II
### Violation of Lanham Act § 1125(a)

61.     Plaintiffs repeat the allegations above as though set forth in full herein.

62.     The acts of Defendants complained of herein constitute trademark infringement, false designations of origin, and false or misleading descriptions or representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Plaintiffs have been damaged by Defendants' acts of trademark infringement, false designations of origin, and false or misleading descriptions or representations of fact.

## COUNT III
### Trademark Infringement under Utah Common Law and Utah Code Ann. § 13-5a-103

64.     Plaintiffs repeat the allegations above as though set forth in full herein.

65.     Defendants' use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia is likely to cause, and has caused, confusion, mistake, and deception among the public.

66. Defendants' use of Defendants' Marks, the Christus Symbol, the Light-Rays Design Marks, other marks incorporating Plaintiffs' Marks, and other indicia constitutes passing off, palming off, imitating, and causing or likely causing confusion or deception.

67. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Utah and Utah Code Ann. § 13-5a-103.

**COUNT IV**
**Copyright Infringement Under 17 U.S.C. § 501**

68. Plaintiffs repeat the allegations above as though set forth in full herein.

69. The acts of Defendants complained of herein constitute infringement of Plaintiffs' registered copyrights in violation of 17 U.S.C. § 501.

70. Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiffs' rights in their registered copyrights.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on Defendants' conduct complained of herein, Plaintiffs ask this Court for the following relief against Defendants:

A. Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendants' Marks, and any other mark, name, domain name, social media handle, or design that is confusingly similar to Plaintiffs' Marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiffs;

B. Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently

29

enjoined and restrained from reproducing, distributing, or publicly displaying any copyrighted works of Plaintiffs, or derivatives thereof, including those in **Exhibit 2**, when advertising or promoting their business or content;

C.      Any and all relief provided by 15 U.S.C. §§ 1116 and 1117, 17 U.S.C. §§ 504 and 505, and Utah Code Ann. § 13-5a-103; and

D.      Any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues triable of right by a jury.

DATED: April 17, 2026                    Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ David J. Jordan*
David J. Jordan
David L. Mortensen
Eugin K. Pace

PIRKEY BARBER PLLC
Tyson D. Smith (*Pro Hac Vice* forthcoming)
Stephen P. Meleen (*Pro Hac Vice* forthcoming)
Ryan J. Miller (*Pro Hac Vice* forthcoming)

*Attorneys for Plaintiffs Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*

30