FILED
2026 JUN 26 PM 5:07
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

|  |  |
|---|---|
| INTELLECTUAL RESERVE, INC.;<br>and THE CHURCH OF JESUS CHRIST<br>OF LATTER-DAY SAINTS,<br><br>    Plaintiffs,<br><br>      v.<br><br>OPEN STORIES FOUNDATION;<br>and JOHN P. DEHLIN,<br><br>    Defendants.<br><br><br>DAVID SCOTT TAYLOR,<br><br>Proposed Intervenor-Appellant. | Case No. 2:26-cv-00321-RJS-JCB |

## NOTICE OF APPEAL

Notice is hereby given that David Scott Taylor, Movant and Proposed Intervenor below, appeals to the United States Court of Appeals for the Tenth Circuit from the Memorandum Decision and Order entered June 26, 2026, Docket No. 44, denying Movant's Motion to Intervene or, in the Alternative, for Leave to File Amicus Curiae Brief.

Appellant seeks review of:

1. The denial of intervention as of right pursuant to Federal Rule of Civil Procedure 24(a);

2. The denial of permissive intervention pursuant to Federal Rule of Civil Procedure 24(b);

3. The denial of leave to participate as amicus curiae.

Respectfully submitted,

06/26/2026

_____

David Scott Taylor

**Proposed Intervenor-Appellant**

Pro Se

159 Ulmer Road Kooskia, Idaho 83539

**ATTACHMENT A
STATEMENT OF ISSUES ON APPEAL**

**ATTACHMENT A**

## STATEMENT OF ISSUES ON APPEAL

1. Whether the District Court erred in concluding   that Appellant lacked a direct, substantial, and legally protectable interest under Rule 24(a)(2).

2. Whether the District Court erred in concluding that disposition of this litigation could not, as a practical matter, impair Appellant's ability to protect the interests of the Midewiwin Indigenous Faith Tradition in the continuing religious, historical, ceremonial, educational, and referential use of the terms "Mormon" and "Book of Mormon."

3. Whether Rule 24(a) permits intervention where a living faith community employs terminology that is the subject of asserted exclusive trademark enforcement.

4. Whether the District Court applied an unduly narrow interpretation of Rule 24's practical impairment requirement.

5. Whether the District Court abused its discretion in denying permissive intervention.

6. Whether the District Court abused its discretion in denying leave to participate as

   amicus curiae.

## PRELIMINARY STATEMENT

Appellant is the senior teaching leader, Midegag – High Priest - within the Midewiwin Indigenous Faith Tradition. Appellant does not assert ownership of Plaintiffs' trademarks.

Appellant does not seek adjudication of religious truth.

Appellant does not ask this Court to resolve questions of theology.

Rather, this appeal concerns whether a living faith tradition whose teachings, records, ceremonial instruction, lodge teachings, historical narratives, and religious discourse include continuing use of the terms "Mormon" and "Book of Mormon" possesses an interest sufficient for intervention when litigation seeks judicial recognition and enforcement of exclusive rights in those same terms.

Within the Midewiwin Indigenous Faith Tradition, "Mormon" is recognized.

Mormon is a sacred record-keeper figure whose role as compiler, witness, gatherer, and preserver of sacred records is maintained within the Tradition's teachings and preserved records.

Other Mormon referential records maintained by the Midewiwin repeatedly describe Mormon as one who gathers scattered records, preserves truth through generations, safeguards sacred history, and prepares records for future peoples.

The terms "Mormon" and "Book of Mormon" therefore are not merely words of general interest to Appellant.

They are utilized within a living Indigenous faith tradition and continue to be referenced in religious teaching, ceremonial instruction, historical discussion, and lodge-based transmission of knowledge.

## STATEMENT OF RELEVANT FACTS

Appellant sought intervention on behalf of interests connected to the continuing preservation and transmission of historical and religious narratives in which the terms "Mormon" and "Book of Mormon" are used.

The District Court concluded that Appellant had failed to establish a direct, substantial, and legally protectable interest and further concluded that disposition of the litigation would not impair Appellant because Appellant was not a party to the lawsuit and the Complaint did not seek relief against him.

Appellant respectfully submits that the Court treated his interests as generalized and individual when, in fact, those interests arise from the continuing religious practices and teachings of the Midewiwin Indigenous Faith Tradition.

The District Court further concluded that a judgment would not bind Appellant because he was not a party.

However, Rule 24 speaks not only of legal binding effect but of practical impairment.

Where litigation seeks recognition of broad exclusive rights in terminology actively used within a living faith tradition, the practical consequences of that litigation extend beyond the named parties and affect the ability of that faith community to protect and continue its own religious and historical uses of the same terminology.

## SUMMARY OF ARGUMENT

The District Court's analysis construes Rule 24 too narrowly.

Appellant does not claim ownership of the marks.

Appellant does not seek to litigate theology.

Appellant's interest arises because the terms asserted as subject to exclusive trademark enforcement are also part of the religious and historical vocabulary of the Midewiwin Indigenous Faith Tradition.

The Court's conclusion that Appellant's interests cannot be impaired because he is not a party gives insufficient weight to Rule 24's practical impairment standard.

A decision validating expansive exclusive rights in terminology used within Appellant's faith tradition carries practical consequences beyond the immediate litigants and therefore affects Appellant's ability to protect those interests in the future.

At minimum, Appellant should have been permitted to participate through permissive intervention or amicus status so that the Court could consider the interests of a faith community whose use of the disputed terminology differs substantially from the commercial activities alleged in the Complaint.

## RELIEF REQUESTED

Appellant respectfully requests that the United States Court of Appeals for the Tenth Circuit:

A. Reverse the denial of intervention as of right;

B. Vacate the June 26, 2026 Order and remand for reconsideration under a proper Rule 24 analysis;

C. Alternatively reverse the denial of permissive intervention;

D. Alternatively reverse the denial of leave to participate as amicus curiae; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

06/26/2026

David Scott Taylor

Proposed Intervenor-Appellant

Pro Se

Ogimaa Songab Midegah Ogichidaa Zozep Anishaa

Traditional Chief (Ogimaa), Adik Doodem (Caribou Clan)

Gautawaewauwissoowin, Anishinaabe Traditional Lodge System

Midegah Midewiwin, High Priest of the Heart Path, Midewiwin Indigenous Faith Tradition

159 Ulmer Road, Kooskia, Idaho 83539