Abigail Cook (Bar No. 19781)
Jason Groth (Bar No. 16683)
Masami Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State Street, Suite 310
Salt Lake City, UT 84111
Telephone: (801) 521-9862
Email: acook@acluutah.org
Email: jgroth@acluutah.org
Email: mkanegae@acluutah.org

*Counsel for Prospective Amicus Curiae*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| INTELLECTUAL RESERVE, INC., a Utah non-profit corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, <br><br> Plaintiffs, <br><br> v. <br><br> OPEN STORIES FOUNDATION, an Arizona non-profit corporation; JOHN P. DEHLIN, an individual, <br><br> Defendants. | Case No. 2:26-CV-00321 <br><br> **UNOPPOSED MOTION OF THE AMERICAN CIVIL LIBERTIES UNION OF UTAH FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*** <br><br><br> Judge Robert Shelby |

Pursuant to this Court's Local Rule DUCivR 7-6 and the guidance of Federal Rule of Appellate Procedure 29, American Civil Liberties Union of Utah Foundation ("ACLU of Utah") respectfully moves for leave to participate as amicus curiae in the above-captioned case.

## ARGUMENT

"Federal courts have broad discretion in allowing participation of amicus curiae." *Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 18-00053, 2021 WL 4440347, at *1 (D. Utah Sept. 28, 2021) (citing *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021)). "Courts look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs." *Id*. Federal Rule of Appellate Procedure 29 and Local Rule 7-6 govern the participation of amicus curiae. These rules require prospective amicus curiae to brief (1) their "interest in the litigation"; (2) "the usefulness of the memorandum to the disposition of the case"; and (3) "whether the parties consent to the filing of the memorandum." DUCivR 7-6(b)(1). Other factors the court may consider when granting leave to participate as amicus curiae are:

> (1) if the proposed amicus curiae is disinterested; (2) if the existing parties oppose the participation of the amicus curiae; (3) if the existing parties are capable of addressing the case's issues without the participation of the amicus curiae; (4) the strength of the information and argument presented by the amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information presented by the amicus curiae to resolving the case's issues.

*Friends of Animals*, No. 18-00053, 2021 WL 4440347, at *2 (citation omitted).

This Court should grant ACLU of Utah permission to participate as amicus curiae because (1) it has a strong interest in protecting the First Amendment rights of all Utahns; (2) it has briefed issues not addressed by the parties and provides both legal and practical implications of this Courts'

ruling on First Amendment issues; and (3) each party consents to ACLU of Utah's participation as amicus curiae in this case.

First, the ACLU of Utah is the state affiliate of the American Civil Liberties Union ("ACLU") and works to protect the First Amendment rights of all Utahns. The ACLU is a nationwide, non-profit, non-partisan organization of over 1.6 million members. Since 1920, the ACLU has sought to protect the constitutional rights and civil liberties of all Americans through litigation, policy advocacy, and organizing. The ACLU has frequently appeared as counsel in cases implicating the First Amendment. The ACLU also files amicus curiae briefs in courts across the country, weighs in as subject matter experts on First Amendment issues, and seeks to educate the public and contribute to the important jurisprudence addressed in this case. Most recently, the ACLU of Utah participated as amicus curiae for a First Amendment issue in the 10th Circuit case *Utah Pol. Watch, et al., v. Alexa Musselman, et al.*, No. 25-4124.

Second, the prospective amicus memorandum is useful to the disposition of this case by briefing issues not addressed by the parties and providing both legal and practical implications of this Court's ruling on First Amendment issues. Due to page constraints and multiple arguments, parties are often unable to thoroughly brief the ordinary public understanding of terms. This is a role that amicus curiae commonly fill to assist the Court. Here, the attached brief provides historic and contextual research on the term "Mormon" that is more expansive than provided in Defendants' briefing. Further, prospective amicus curiae's brief evaluates categories of speech broadly protected by the First Amendment that are directly relevant to the disposition of this case— including descriptive and normative use arguments not yet briefed by Defendants.

Finally, the parties consent to ACLU of Utah's participation as amicus curiae in this case.

2

**CONCLUSION**

For all of these reasons, ACLU of Utah respectfully requests leave to participate as amicus curiae and file the attached brief.

Respectfully submitted this 7th day of August, 2026.

/s/ _Abby J. Cook_

Abigail Cook

Attorney for Prospective *Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2026, a true and correct copy of the foregoing was served on all parties of record via ECF.

/s/ _____
Abigail Cook
Attorney for Prospective *Amicus Curiae*

4