Mark R. Gaylord (#5073)
Jacqueline Mabatah (#17265)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
gaylord@ballardspahr.com
mabatahj@ballardspahr.com

*Attorneys for Amicus Curiae Electronic Frontier Foundation*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **INTELLECTUAL RESERVE, INC., a Utah non-profit corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**OPEN STORIES FOUNDATION, an Arizona non-profit corporation; JOHN P. DEHLIN, an individual,**<br><br>**Defendants.** | **ELECTRONIC FRONTIER FOUNDATION'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' OPEN STORIES FOUNDATION AND JOHN P. DEHLIN'S MOTION TO DISMISS**<br><br>**Civil No. 2:26-CV-00321**<br><br>**Judge Robert J. Shelby**<br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION

Electronic Frontier Foundation ("EFF") respectfully submits this Motion for Leave to File Amicus Curiae Brief in Support of Defendants' Open Stories Foundation and John P. Dehlin's (collectively "Defendants") Motion to Dismiss in the above-captioned matter. (ECF No. 41.) EFF has informed Defendants and Plaintiffs Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-Day Saints (collectively "Plaintiffs") of its intention to file an amicus curiae brief in support of Defendants' Motion to Dismiss. No party opposes the filing of this Motion or objects to EFF's appearance as amicus in this action. Counsel for Plaintiffs and for Defendants consent to the EFF appearing as amicus in this action and filing an amicus curiae brief.

## IDENTITY AND INTEREST OF AMICUS

EFF is a member-supported, nonprofit civil liberties organization that has worked for more than 30 years to protect free expression, access to knowledge, and innovation. EFF, its more than 30,000 members, and the community of technology users they represent have a strong interest in ensuring that trademark law avoids chilling future speech by individuals and groups with limited resources to defend themselves in court. In particular, EFF regularly represents individuals and organizations that use trademarks in the course of political commentary and, as a result, find themselves the target of legal threats.[1] Based on this experience, EFF brings a critical and underrepresented perspective to its amicus advocacy work by keeping the public interest at the

---

[1] *See, e.g.*, Elec. Frontier Found., *EFF to Represent Yes Men in Court Battle Over Chamber of Commerce Action* (Nov. 11, 2009), https://www.eff.org/press/archives/2009/11/11; Corynne McSherry, *Mr. Peabody's Coal Train Tries to Run Down Free Speech*, Elec. Frontier Found. (May 13, 2011), https://www.eff.org/deeplinks/2011/05/mr-peabodys-coal-train-tries-run-down-free-speech; Elec. Frontier Found., *Religious Group Shows Little Tolerance for Parody* (July 17, 2013, https://www.eff.org/takedowns/religious-group-shows-little-tolerance-parody; Letter from Cara Gagliano, Staff Attorney, Elec. Frontier Found., to Jeffrey Moreira, Rico Management (Mar. 18, 2021, https://www.eff.org/document/eff-letter-re-virtual-coachella-video;

forefront and highlighting how judicial decisions may impact people other than commercial stakeholders or the immediate parties to a dispute.

**REASONS WHY THE MOTION SHOULD BE GRANTED**

District courts have "broad discretion" to allow amicus curiae participation. *Friends of Animals v. United States Fish & Wildlife Serv.*, Case No. 4:18-cv-00053-DN-PK, 2021 U.S. Dist. LEXIS 187246, at *2 (D. Utah Sept. 28, 2021). "Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *United States v. Griswold*, Civil Action No. 25-cv-03967-PAB-TPO, 2026 U.S. Dist. LEXIS 157312, at *10 (D. Colo. July 8, 2026) (internal quotation marks and citation omitted).

Courts often consider the following factors before granting leave to participate as amicus curiae:

> (1) if the proposed amicus curiae is disinterested; (2) if the existing parties oppose the participation of the amicus curiae; (3) if the existing parties are capable of addressing the case's issues without the participation of the amicus curiae; (4) the strength of the information and argument presented by the amicus curiae's interest; and, perhaps most importantly (5) the usefulness of information presented by the amicus curiae to resolving the case's issues.

*Friends of Animals*, 2021 U.S. Dist. LEXIS 187246, at *3 (citation omitted).

The Court should exercise its discretion to permit EFF to file the amicus brief attached as Exhibit A because EFF is disinterested, the existing parties consent to EFF's participation as amicus curiae, EFF has a strong interest in protecting First Amendment rights, particularly as they relate to expressive works involving trademarks, and the brief will aid the disposition of the case.

First, no party's counsel authored the accompanying brief in whole or in part, and no party, nor any party's counsel, contributed money towards its preparation. No person other than amicus,

its members, or its counsel contributed money that was intended to fund preparing or submitting this brief. Second, as discussed above (*see supra* "Introduction"), the existing parties consent to EFF's participation as amicus curiae. Third, while Defendants may be able to address the applicability of the balancing test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) to the instant proceeding, EFF's participation is necessary to bring to the Court's attention to the broader implications of this case beyond the parties' immediate concerns and to advocate for an infringement framework that protects First Amendment interests. EFF has substantial expertise in analyzing the *Rogers* test and its application by courts in trademark infringement cases like this one.

EFF's brief is focused on a specific issue: the value of the balancing test set forth in *Rogers* and adopted in varying forms by courts around the nation. In appropriate circumstances, the *Rogers* test is a necessary shield against the trademark owner's sword. The complexity and fact-intensive nature of traditional infringement tests often lead to prolonged, expensive, and unpredictable litigation. The *Rogers* test, by contrast, offers a simple rubric that is easy to apply and facilitates early resolution where the trademark claims target critical commentary and/or forums for such commentary.

Further, applying that simpler rubric is especially appropriate where, as here, the trademark at issue pertains to a commonly accepted, well-known term for an established faith tradition. For several years, EFF has provided legal counsel to individuals and organizations that have faced legal threats for using the term "Mormon" while engaging in, or providing, commentary and discussion related to the Church of Jesus Christ of Latter-Day Saints. But not every target is able to obtain counsel, nor should they have to. Adopting and applying the *Rogers* test will promote

public discourse by ensuring a mark-owner cannot misuse the legal system to inhibit use of a generic term that commonly refers to a culturally significant religious tradition.

## CONCLUSION

For these reasons, and based on the consent of all parties, the proposed amicus EFF respectfully requests leave to file the amicus curiae brief attached as **Exhibit A.**

DATED this 7th day of August 2026.

*/s/ Jacqueline Mabatah*
Mark R. Gaylord, Esq.
Jacqueline Mabatah, Esq.
BALLARD SPAHR LLP
*Attorneys for Amicus Curiae*
*Electronic Frontier Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the United States District Court, District of Utah by using the CM/ECF system on August 7, 2026.

I certify that all participants in the case are registered ECF users and that service will be accomplished by the ECF system.

*/s/ Jacqueline Mabatah*
Mark R. Gaylord, Esq.
Jacqueline Mabatah, Esq.
BALLARD SPAHR LLP
*Attorneys for Amicus Curiae*
*Electronic Frontier Foundation*