David J. Jordan (UT Bar No. 1751)
djordan@foley.com
David L. Mortensen (UT Bar No. 8242)
dmortensen@foley.com
Timothy V. Hansen (UT Bar No. 18008)
tim.hansen@foley.com
Euigin Kim Pace (UT Bar No. 19644)
gpace@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: (801) 401-8900

Tyson D. Smith (TX Bar #24079362) (*Pro Hac Vice*)
tsmith@pirkeybarber.com
Stephen P. Meleen (TX Bar #00795776) (*Pro Hac Vice*)
smeleen@pirkeybarber.com
Ryan J. Miller (TX Bar #24131514) (*Pro Hac Vice*)
rmiller@pirkeybarber.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200

*Attorneys for Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-day Saints*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| INTELLECTUAL RESERVE, INC., a Utah Non-Profit Corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN STORIES FOUNDATION, an Arizona Non-Profit Corporation; JOHN P. DEHLIN, an individual,<br><br>Defendants.<br><br>RELATED COUNTERCLAIM | **PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>Civil Action No. 2:26-cv-00321<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiffs/counterclaim defendants Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-day Saints (collectively, "Plaintiffs" or the "Church"), by and through their

undersigned counsel, hereby answer the Counterclaim filed by defendants/counterclaimants Open Stories Foundation ("OSF") and John P. Dehlin ("Dehlin") (collectively, "Defendants") (ECF No. 42) (the "Counterclaim").

## INTRODUCTION

Because preventing confusion, not censoring criticism, is what this lawsuit is about, the Church has tried from the beginning to persuade Defendants to clarify on their website and podcast that they are not affiliated with or sponsored or endorsed by the Church and to stop using the Church's copyrighted images.

Seeking an amicable resolution, the Church has offered a range of proposals to resolve any dispute, including several that kept the word "Mormon" in the podcast's name. Mr. Dehlin rejected them all. Finally, the Church offered to resolve the dispute without any name change if Defendants would (1) make permanent the logo adjustments they implemented after the Church notified them of their infringing conduct; (2) stop using the Church's copyrighted images; and (3) agree to place a sufficiently visible written disclaimer on their website and social media stating that Mormon Stories "is not affiliated with or sponsored or endorsed by The Church of Jesus Christ of Latter-day Saints," and include the same verbal disclaimer at the beginning of podcast episodes. Disclaimers of this kind are common in resolving trademark disputes. Mr. Dehlin again refused, even though the proposed disclaimer is entirely truthful and would take less than 10 seconds in podcasts that often last over two hours.

Mr. Dehlin's refusals contradict his narrative that this case is all about barring Defendants from using the word "Mormon" and silencing his criticisms of the Church. It is not and has never been. It is and has always been about the confusion caused by Defendants' unlawful use of Plaintiffs' trademarks and copyrighted images. The same settlement offer remains open to

Defendants. If they accept it, the Church will dismiss the case. If they choose not to and instead continue in litigation, it is for their own reasons unrelated to the use of the word "Mormon."

## NATURE OF THE ACTION

1. In response to the allegations contained in Paragraph 1 of the Counterclaim, the Church admits that Defendants' counterclaims seek the relief described. The Church denies that Defendants are entitled to the relief sought and denies any remaining allegations in Paragraph 1 of the Counterclaim.

2. In response to the allegations contained in Paragraph 2 of the Counterclaim, the Church admits that Defendants' counterclaims seek the relief described. The Church denies that Defendants are entitled to the relief sought and denies any remaining allegations in Paragraph 2 of the Counterclaim.

3. In response to the allegations contained in Paragraph 3 of the Counterclaim, the Church asserts valid and enforceable trademark rights in marks incorporating the term "MORMON" and denies that no single source has the legal right to control its use as a trademark.

4. In response to the allegations contained in Paragraph 4 of the Counterclaim, the Church admits that people have used the term "Mormon" to identify an existing or past affiliation with The Church of Jesus Christ of Latter-day Saints. The Church denies any remaining allegations in Paragraph 4 of the Counterclaim.

5. The Church denies the allegations contained in Paragraph 5 of the Counterclaim. The term "Mormon" is the subject of valid trademark rights. The Church has continuously used marks incorporating the term MORMON in commerce for nearly 200 years and owns valid federal trademark registrations for MORMON and MORMON-formative marks.

6. In response to the allegations contained in Paragraph 6 of the Counterclaim, the Church admits that defendant Dehlin began the MORMON STORIES podcast years ago. The Church lacks knowledge or information sufficient to form a belief as to the reason defendant Dehlin began the MORMON STORIES podcast and the truth of the remaining allegations in this Paragraph.

7. In response to the allegations contained in Paragraph 7 of the Counterclaim, the Church admits that Dehlin was excommunicated from the Church in 2015. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

8. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim.

9. The Church denies the allegations contained in Paragraph 9 of the Counterclaim.

10. In response to the allegations contained in Paragraph 10 of the Counterclaim, the Church admits that Church officers have previously had interactions and exchanged correspondence with Dehlin. The Church denies the remaining allegations and characterizations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment. In response to allegations concerning written communications, the Church states that those communications speak for themselves and denies any characterization that is contrary to their text.

11. The Church denies the allegations contained in Paragraph 11 of the Counterclaim. The Church further states that the interactions of Church ecclesiastical officers with Mr. Dehlin many years ago were related to matters of faith.

12. In response to the allegations contained in Paragraph 12 of the Counterclaim, the Church admits that Russell M. Nelson provided guidance encouraging use of the correct name of the Church but denies that such guidance constituted abandonment of the Church's trademark rights, including in the MORMON Marks (as defined in Paragraph 15 of the Complaint, ECF No. 1). The Church denies any remaining allegations and characterizations in this Paragraph.

13. In response to the allegations contained in Paragraph 13 of the Counterclaim, including subparts, the Church denies that it took measures "to omit all signs of 'Mormon' from its branding and trademark uses." The Church admits that it changed the name of certain entities and publications following President Nelson's guidance encouraging the use of the correct name of the Church and that it issued a Style Guide concerning this guidance. The Church denies that these actions constituted abandonment of the Church's intellectual property rights and denies any remaining allegations and characterizations in this Paragraph.

14. The Church denies the allegations contained in Paragraph 14 of the Counterclaim.

15. The Church denies the allegations contained in Paragraph 15 of the Counterclaim. The Church denies that it "falsely" represented the nature of its trademark use to the USPTO, denies all allegations of improper conduct in connection with the USPTO, and denies any remaining allegations and characterizations in this Paragraph.

16. In response to the allegations contained in Paragraph 16 of the Counterclaim, the Church admits that it raised trademark and copyright concerns with Defendants in November 2025. The Church denies any remaining allegations and characterizations in this Paragraph.

17. In response to the allegations contained in Paragraph 17 of the Counterclaim, the Church admits that when notified of their infringement of the Church's intellectual property rights, Defendants made some changes to the branding of their podcast. The Church denies any remaining allegations and characterizations in this Paragraph.

18. In response to the allegations contained in Paragraph 18 of the Counterclaim, the Church admits that Defendants made some changes after they were notified of their infringement of the Church's intellectual property rights. The Church denies the characterization that Defendants' changes were sufficient to address their infringement and denies any remaining allegations and characterizations in this Paragraph.

19. The Church denies the allegations contained in Paragraph 19 of the Counterclaim.

20. The Church denies the allegations contained in Paragraph 20 of the Counterclaim. The Church further states that it offered to amicably resolve the dispute without any name change to Defendants' podcast if they would (1) make permanent the logo adjustments they implemented after the Church notified them of their infringing conduct; (2) stop using the Church's copyrighted images; and (3) agree to place a sufficiently visible written disclaimer on their website and social media stating that Mormon Stories "is not affiliated with, endorsed or sponsored by The Church of Jesus Christ of Latter-day Saints," and include the same brief verbal disclaimer at the beginning of podcast episodes. Defendants refused.

21. The Church denies the allegations contained in Paragraph 21 of the Counterclaim. The Church brought this action to protect its valid and enforceable trademark and copyright rights, as set forth in the Complaint. The Church denies any allegations or characterization that this lawsuit was improperly motivated.

## PARTIES

22. The Church admits that Defendant John P. Dehlin is the CEO of Open Stories Foundation. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. The Church admits the allegations contained in Paragraph 23 of the Counterclaim.

24. The Church admits the allegations contained in Paragraph 24 of the Counterclaim.

25. The Church admits the allegations contained in Paragraph 25 of the Counterclaim.

## JURISDICTION AND VENUE

26. In response to the allegations contained in Paragraph 26 of the Counterclaim, the Church admits that the Court has subject matter jurisdiction over Defendants' counterclaims. The Court may decline to exercise supplemental jurisdiction over Defendants' common law counterclaims under 28 U.S.C. § 1367(c).

27. In response to the allegations contained in Paragraph 27 of the Counterclaim, the Church admits that venue is proper in this judicial district.

28. In response to the allegations contained in Paragraph 28 of the Counterclaim, the Church admits that venue and jurisdiction are proper in this District.

## ALLEGED FACTS

29. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Counterclaim.

30. In response to the allegations contained in Paragraph 30 of the Counterclaim, the Church admits that Dehlin served a mission in Guatemala and Arizona from approximately 1988 to 1990. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31. In response to the allegations contained in Paragraph 31 of the Counterclaim, the Church admits that in or about February 1992, Dehlin wrote a letter to Dallin H. Oaks ("President Oaks"), who was a member of the Quorum of the Twelve Apostles and is now the President of the Church. The Church further states that Dehlin's written communication with President Oaks speaks for itself and denies any allegation or characterization that is contrary to its text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

32. The Church admits that President Oaks and Dehlin had a telephone conversation. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

33. In response to the allegations contained in Paragraph 33 of the Counterclaim, the Church admits that in June 1992, Dallin H. Oaks sent the referenced letter. The Church further states that Dehlin's written communication with President Oaks speaks for itself and denies any allegation or characterization that is contrary to its text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

34. In response to the allegations contained in Paragraph 34 of the Counterclaim, the Church admits that in June 1992, President Oaks sent Dehlin a copy of a talk he gave at the Mission President's Seminar with the note referenced. The Church further states that Dehlin's written communication with President Oaks speaks for itself and denies any allegation or

characterization that is contrary to its text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

35. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Counterclaim.

36. In response to the allegations contained in Paragraph 36 of the Counterclaim, the Church admits that in January 2002, Dallin H. Oaks sent the referenced letter. The Church further states that Dehlin's written communication with President Oaks speaks for itself and denies any allegation or characterization that is contrary to its text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

37. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Counterclaim.

38. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Counterclaim.

39. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Counterclaim.

40. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Counterclaim.

41. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Counterclaim.

42. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Counterclaim.

43. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Counterclaim.

44. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Counterclaim.

45. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Counterclaim. The Church further states that the referenced blog entry and podcast speak for themselves and denies any allegation or characterization that is inconsistent with their text. The Church further states that Dehlin's written communication with President Oaks speaks for itself and denies any allegation or characterization that is contrary to its text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

46. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Counterclaim.

47. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Counterclaim.

48. In response to the allegations contained in Paragraph 48 of the Counterclaim, the Church admits that MORMON STORIES created and operated a Facebook page. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

49. In response to the allegations contained in Paragraph 49 of the Counterclaim, the Church admits that MORMON STORIES created and operated a website as reflected in the

image in Paragraph 49. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

50. In response to the allegations contained in Paragraph 50 of the Counterclaim, the Church admits that the Open Stories Foundation created and operated a website. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

51. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Counterclaim.

52. In response to the allegations contained in Paragraph 52 of the Counterclaim, the Church admits that the MORMON STORIES website has an "About" page. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

53. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Counterclaim.

54. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Counterclaim.

55. The Church denies the allegations contained in Paragraph 55 of the Counterclaim.

56. In response to the allegations contained in Paragraph 56 of the Counterclaim, the Church admits that the MORMON STORIES website has an "About" page. The Church further states that the website, including the content and appearance of the "About" page at various points in time, speaks for itself and denies any allegation or characterization that is inconsistent with its content and appearance. The Church denies the allegation that the Mormon Stories website does not cause confusion regarding any affiliation with the Church. The Church lacks

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

57. In response to the allegations contained in Paragraph 57 of the Counterclaim, the Church admits that Dehlin launched the MORMON MATTERS podcast and associated website. The Church further states that the podcast and website, including their content and appearance at various points in time, speak for themselves and denies any characterization of the podcast or website that is inconsistent with their content and appearance. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

58. In response to the allegations contained in Paragraph 58 of the Counterclaim, the Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the hosts and consistency of the MORMON MATTERS podcast. The Church denies any remaining allegations in this Paragraph.

59. The Church lacks knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 59 of the Counterclaim.

60. In response to the allegations contained in Paragraph 60 of the Counterclaim, the Church admits that OSF created the MORMON MENTAL HEALTH blog. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

61. The Church admits the allegations contained in Paragraph 61 of the Counterclaim.

62. In response to the allegations contained in Paragraph 62 of the Counterclaim, the Church admits that OSF has a podcast called A THOUGHTFUL FAITH and associated website. The Church further states that the podcast and website, including their content at various points

in time, speak for themselves and denies any characterization that is inconsistent with their content and appearance. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

63. In response to the allegations contained in Paragraph 63 of the Counterclaim, the Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the availability of the referenced podcast. The Church admits that it has not previously taken action against or communicated concerning the referenced podcast logo. The Church denies any remaining allegations in this Paragraph.

64. In response to the allegations contained in Paragraph 64 of the Counterclaim, the Church admits that OSF launched the website www.whymormonsquestion.org. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

65. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Counterclaim.

66. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the duration and content of THE GIFT OF THE MORMON FAITH CRISIS podcast or the website referenced in this Paragraph. The Church admits that it has not previously taken action against or communicated concerning the referenced podcast.

67. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Counterclaim.

68. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Counterclaim.

69. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Counterclaim.

70. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Counterclaim.

71. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Counterclaim.

72. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Counterclaim.

73. In response to the allegations contained in Paragraph 73 of the Counterclaim, the Church admits that the MORMON STORIES podcast has used the logo depicted in Paragraph 73. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

74. In response to the allegations contained in Paragraph 74 of the Counterclaim, the Church admits that Defendants have used one or more of the logos depicted in Paragraph 74. The Church denies any remaining allegations in this Paragraph.

75. The Church denies the allegations in Paragraph 75 of the Counterclaim.

76. In response to the allegations contained in Paragraph 76 of the Counterclaim, the Church denies that "the public has come to know the OSF's Mormon-themed podcasts as offering perspectives and content about Mormonism wholly independent from the Church." The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

77. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Counterclaim.

78. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Counterclaim.

79. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Counterclaim.

80. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Counterclaim.

81. In response to the allegations contained in Paragraph 81 of the Counterclaim, the Church admits that the article referenced in Paragraph 81 was published by ABC. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

82. In response to the allegations contained in Paragraph 82 of the Counterclaim, the Church admits that the referenced video was published by ABC News. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

83. In response to the allegations contained in Paragraph 83 of the Counterclaim, the Church admits that the referenced article was published by The New York Times. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

84. In response to the allegations contained in Paragraph 84 of the Counterclaim, the Church admits that the referenced articles were published by The New York Times. The Church further states that the articles speak for themselves and denies any characterization that is inconsistent with their content. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

85. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Counterclaim.

86. In response to the allegations contained in Paragraph 86 of the Counterclaim, the Church admits that President Oaks received a letter from Dehlin in 1992. In response to allegations concerning written communications, the Church states that these communications speak for themselves and denies any allegation or characterization that is contrary to their text. The Church further states that Dehlin's communications with President Oaks are immaterial to any claim or defense in this action and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

87. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Counterclaim.

88. In response to the allegations contained in Paragraph 88 of the Counterclaim, the Church admits that Joel Dehlin was the Chief Technology Officer for the Church from 2005 to 2011. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Counterclaim.

89. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Counterclaim.

90. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Counterclaim.

91. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Counterclaim.

92. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Counterclaim.

93. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Counterclaim.

94. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

95. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

96. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

97. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Counterclaim.

98. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

99. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Counterclaim. The Church further states that the

allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

100. In response to the allegations contained in Paragraph 100 of the Counterclaim, the Church admits that a fireside was held in Stockholm, Sweden in November 2010 by Elder Marlin K. Jensen and Elder Richard Turley. The Church denies the remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

101. In response to the allegations contained in Paragraph 101 of the Counterclaim, the Church admits that local bishops and stake presidents attended the November 2010 fireside in Stockholm, Sweden. The Church denies the remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

102. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

103. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

104. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

105. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

106. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

107. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

108. The Church denies the allegations in Paragraph 108 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

109. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Counterclaim. The Church further states that the

allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

110. In response to the allegations contained in Paragraph 110 of the Counterclaim, the Church admits that Dehlin met with Elder Marlin K. Jensen. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

111. In response to the allegations contained in Paragraph 111 of the Counterclaim, the Church admits that Elder Marlin K. Jensen sent the referenced email to Dehlin and Travis Stratford in January 2012. The Church states that the email speaks for itself and denies any allegation or characterization that is contrary to its text. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

112. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Counterclaim.

113. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

114. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

115. In response to the allegations contained in Paragraph 115 of the Counterclaim, the Church admits that a June 2013 report titled "LDS Personal Faith Crisis" was presented to President Dieter F. Uchtdorf. The Church states that the June 2013 report speaks for itself and denies any allegation or characterization that is contrary to its text. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

116. In response to the allegations contained in Paragraph 116 of the Counterclaim, the Church admits that the June 2013 report contains the quoted language and otherwise further states that the June 2013 report speaks for itself and denies any characterization of the report inconsistent with its text. The Church denies any remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

117. In response to the allegations contained in Paragraph 117 of the Counterclaim, the Church admits that the June 2013 report contains the quoted language and otherwise further states that the June 2013 report speaks for itself and denies any characterization of the report inconsistent with its text. The Church denies any remaining allegations in this Paragraph. The

Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

118. In response to the allegations contained in Paragraph 118 of the Counterclaim, the Church admits that some of the survey responses in the June 2013 report cite the MORMON STORIES podcast. The Church denies any remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

119. In response to the allegations contained in Paragraph 119 of the Counterclaim, the Church further states that the June 2013 report speaks for itself and denies any characterization of the report inconsistent with its text. The Church denies any remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

120. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Counterclaim. The Church further states that Dehlin's membership status in and excommunication from the Church are immaterial to any claim or defense in this action, and the allegations in this Paragraph seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

121. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Counterclaim. The Church further states that the

allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

122. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

123. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

124. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

125. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Counterclaim. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

126. In response to the allegations contained in Paragraph 126 of the Counterclaim, the Church admits that a disciplinary council concerning Dehlin was convened in or about February 2015. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph. The Church further states that the allegations

contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

127. In response to the allegations contained in Paragraph 127 of the Counterclaim, the Church admits that Dehlin received a letter in February 2015 from his local leadership informing him that he had been excommunicated. The Church states that the referenced letter speaks for itself and denies any allegation or characterization that is contrary to its text. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

128. In response to the allegations contained in Paragraph 128 of the Counterclaim, the Church admits that in February 2015, it issued a press release titled "Church Responds to John Dehlin's Public Comments." The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

129. In response to the allegations contained in Paragraph 129 of the Counterclaim, the Church admits that Dehlin appealed his excommunication to the First Presidency in March 2015 and that his appeal was denied. The Church denies any remaining allegations in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

130. In response to the allegations contained in Paragraph 130 of the Counterclaim, the Church admits that the Quorum of the Twelve Apostles meets regularly and has discussed reasons some people leave the Church. The Church further states that the slide speaks for itself

and denies any allegation or characterization that is contrary to its text and appearance. The Church denies the remaining allegations contained in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

131. In response to the allegations contained in Paragraph 131 of the Counterclaim, the Church admits that President Oaks gave a talk in February 2026 titled "Coming Closer to Jesus Christ" that contains the referenced quote. The Church denies the remaining allegations contained in this Paragraph. The Church further states that the allegations contained in this paragraph are immaterial to any claim or defense in this case and seek to entangle the case in ecclesiastical matters proscribed by the First Amendment.

132. The Church denies the allegations contained in Paragraph 132 of the Counterclaim.

133. The Church denies the allegations contained in Paragraph 133 of the Counterclaim concerning the public's understanding of the term "Mormon." The Church has continuously used in commerce marks incorporating the term MORMON for nearly 200 years and owns valid federal trademark registrations for MORMON and MORMON-formative marks. The Church denies the remaining allegations and characterizations contained in this Paragraph.

134. The Church denies the allegations contained in Paragraph 134 of the Counterclaim.

135. In response to the allegations contained in Paragraph 135 of the Counterclaim, the Church admits that the term "Mormon" has been used by third parties. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this Paragraph.

136. In response to the allegations contained in Paragraph 136 of the Counterclaim, the Church admits that the term "Mormon" has been used by third parties. The Church lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this Paragraph.

137. In response to the allegations contained in Paragraph 137 of the Counterclaim, the Church admits that the media has published the articles referenced in Paragraph 137. The Church further states that the articles speak for themselves and denies any allegation or characterization of the articles that is contrary to their text. The Church denies Defendants' allegations concerning the media's understanding of the term "Mormon." The Church denies the remaining allegations and characterizations contained in this Paragraph.

138. In response to the allegations contained in Paragraph 138 of the Counterclaim, the Church admits that the media has published the articles referenced in Paragraph 138. The Church further states that the articles speak for themselves and denies any allegation or characterization of the articles that is contrary to their text. The Church denies Defendants' allegations concerning the media's understanding of the term "Mormon." The Church denies the remaining allegations and characterizations contained in this Paragraph.

139. In response to the allegations contained in Paragraph 139 of the Counterclaim, the Church admits that the referenced articles exist. The Church further states that the articles speak for themselves and denies any allegation or characterization of the articles that is contrary to their text. The Church denies the remaining allegations and characterizations contained in this Paragraph.

140. In response to the allegations contained in Paragraph 140 of the Counterclaim, the Church admits that some groups sometimes use the term "Mormon." The Church further states

that the referenced webpages speak for themselves and denies any allegation or characterization of the articles that is contrary to their text. The Church denies the remaining allegations and characterizations contained in this paragraph.

141. The Church denies the allegations contained in Paragraph 141 of the Counterclaim.

142. The Church denies the allegations contained in Paragraph 142 of the Counterclaim.

143. In response to the allegations contained in Paragraph 143 of the Counterclaim, the Church admits that people have used the term "Mormon" and that the referenced article exists. The Church further states that the article speaks for itself and denies any allegation or characterization of the article that is contrary to its text. The Church denies the remaining allegations in this Paragraph.

144. In response to the allegations contained in Paragraph 144 of the Counterclaim, the Church admits that in 2002, it filed U.S. Trademark Application Ser. No. 78/161,091. The Church further states that the application and all actions taken on the application speak for themselves and denies any allegation or characterization that is contrary to their text. The Church denies that it abandoned any trademark rights in the MORMON Marks and denies that the mark MORMON is generic. The Church denies any remaining allegations in this Paragraph.

145. The Church denies the allegations contained in Paragraph 145 of the Counterclaim. The Church denies that encouraging the use of the Church's proper name constitutes abandonment of any trademark rights.

146. In response to the allegations contained in Paragraph 146 of the Counterclaim, the Church admits that in April 2010, a blog post by Lyman Kirkland titled "Using the Term

'Mormon'" was posted on the Church's Newsroom webpage. The Church denies any remaining allegations in this Paragraph.

147. In response to the allegations contained in Paragraph 147 of the Counterclaim, the Church denies that the April 2010 blog post by Lyman Kirkland titled "Using the Term 'Mormon'" constitutes a statement by the Church of an official position. The Church admits that it does not refer to itself as the "Mormon Church." The Church denies any remaining allegations in this Paragraph.

148. The Church denies the allegations contained in Paragraph 148 of the Counterclaim.

149. In response to the allegations contained in Paragraph 149 of the Counterclaim, the Church admits that in August 2018, President Russell M. Nelson issued a statement regarding the name of the Church. The Church further states that the referenced statement speaks for itself and denies any allegation or characterization of the statement that is contrary to its text. The Church denies that it abandoned any trademark rights and denies the remaining allegations and characterizations in this Paragraph.

150. In response to the allegations contained in Paragraph 150 of the Counterclaim, the Church admits that it released a Style Guide that contains the language in subparts (a) through (d) of this Paragraph. The Church denies that the Style Guide constituted abandonment of any trademark rights, denies that it abandoned any trademark rights, and denies any remaining allegations in this Paragraph.

151. In response to the allegations contained in Paragraph 151 of the Counterclaim, the Church admits that the Style Guide remains in effect. The Church denies that the Style Guide

constitutes abandonment of any trademark rights, denies that it abandoned any trademark rights, and denies any remaining allegations in this Paragraph.

152. In response to the allegations contained in Paragraph 152 of the Counterclaim, the Church admits that the referenced article exists. The Church further states that the referenced article speaks for itself and denies any allegation or characterization of the statement that is contrary to its text. The Church denies any remaining allegations in this Paragraph.

153. In response to the allegations contained in Paragraph 153 of the Counterclaim, the Church admits that President Nelson gave a talk during the October 2018 General Conference regarding the name of the Church. The Church further states that the referenced talk speaks for itself and denies any allegation or characterization of the talk that is contrary to its text. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

154. In response to the allegations contained in Paragraph 154 of the Counterclaim, the Church admits that President Nelson gave a talk during the October 2018 General Conference regarding the name of the Church. The Church further states that the referenced talk speaks for itself and denies any allegation or characterization of the talk that is contrary to its text. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

155. The Church denies the allegations contained in Paragraph 155 of the Counterclaim.

156. In response to the allegations contained in Paragraph 156 of the Counterclaim, the Church admits that President M. Russell Ballard asked to play a role in helping implement the

correct name of the Church. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

157. In response to the allegations contained in Paragraph 157 of the Counterclaim, the Church admits that the Mormon Tabernacle Choir was renamed the Tabernacle Choir at Temple Square and that mormon.org was updated to direct users to the Church's website. The Church denies that any such actions constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

158. In response to the allegations contained in Paragraph 158 of the Counterclaim, the Church admits that the referenced article contains the quoted language. The Church denies that any of its actions constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

159. In response to the allegations contained in Paragraph 159 of the Counterclaim, the Church admits that the referenced article contains the quoted language. The Church denies that any of these actions constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

160. In response to the allegations contained in Paragraph 160 of the Counterclaim, the Church admits that the Mormon Tabernacle Choir was renamed the Tabernacle Choir at Temple Square. The Church denies that any these actions constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

161. In response to the allegations contained in Paragraph 161 of the Counterclaim, the Church admits that www.mormon.org directs users to the Church's website at https://www.churchofjesuschrist.org/comeuntochrist. The Church denies that by doing so it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

162. In response to the allegations contained in Paragraph 162 of the Counterclaim, the Church further states that the website located at www.churchofjesuschrist.org speaks for itself and denies any allegation or characterization of it that is contrary to its content. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

163. In response to the allegations contained in Paragraph 163 of the Counterclaim, the Church admits that the "FAQ" section of the website located at www.churchofjesuschrist.org exists. The Church further states that the FAQ speaks for itself and denies any allegation or characterization of it that is contrary to its content. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

164. The Church denies the allegations contained in Paragraph 164 of the Counterclaim.

165. In response to the allegations contained in Paragraph 165 of the Counterclaim, the Church admits that the website located at www.familysearch.org includes a page that contains the quoted language. The Church further states that the referenced page speaks for itself and denies any allegation or characterization of it that is contrary to its content. The Church denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

166. In response to the allegations contained in Paragraph 166 of the Counterclaim, the Church admits that in 2019, the Mormon Channel was renamed the Latter-day Saints Channel. The Church denies that renaming the Mormon Channel constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

167. In response to the allegations contained in Paragraph 167 of the Counterclaim, the Church admits that Mormon Messages was renamed Inspirational Messages. The Church denies

that renaming Mormon Messages constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

168. The Church denies the allegations contained in Paragraph 168 of the Counterclaim.

169. The Church denies the allegations contained in Paragraph 169 of the Counterclaim.

170. The Church denies the allegations contained in Paragraph 170 of the Counterclaim.

171. The Church denies the allegations contained in Paragraph 171 of the Counterclaim.

172. The Church denies the allegations contained in Paragraph 172 of the Counterclaim.

173. The Church denies the allegations contained in Paragraph 173 of the Counterclaim.

174. In response to the allegations contained in Paragraph 174 of the Counterclaim, the Church admits that the Mormon Tabernacle Choir was renamed the Tabernacle Choir at Temple Square. The Church denies that renaming the Mormon Tabernacle Choir constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

175. In response to the allegations contained in Paragraph 175 of the Counterclaim, the Church further states that the press releases for the Tabernacle Choir's Christmas concerts speak for themselves and denies any allegation or characterization of them that is contrary to their content. The Church denies that renaming the Mormon Tabernacle Choir constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

176. In response to the allegations contained in Paragraph 176 of the Counterclaim, the Church admits that in March 2024, it submitted declarations of use in connection with Registration Nos. 2,766,231 and 2,913,694. The Church further states that those declarations speak for themselves and denies any allegation or characterization of those declarations that is contrary to their content. The Church denies any remaining allegations in this Paragraph.

177. In response to the allegations contained in Paragraph 177 of the Counterclaim, the Church admits that it submitted specimens of use with its Declaration of Use for Renewal of trademark Registration Nos. 2,766,231 and 2,913,694, and that the image depicted in this Paragraph is a portion of one of the submitted specimens. The Church further states that the specimens speak for themselves and denies any allegation or characterization of them that is contrary to their content. The Church denies any remaining allegations in this Paragraph.

178. The Church denies the allegations contained in Paragraph 178 of the Counterclaim.

179. The Church denies the allegations contained in Paragraph 179 of the Counterclaim.

180. The Church denies the allegations contained in Paragraph 180 of the Counterclaim.

181. The Church admits that it submitted specimens to the USPTO. The Church further states that the specimens speak for themselves and denies any allegation or characterization that is contrary to their content. The Church denies that the specimens misrepresented the Church's trademark use, denies that it abandoned any trademark rights in the MORMON-formative marks and denies any remaining allegations in this Paragraph.

182. The Church denies the allegations contained in Paragraph 182 of the Counterclaim.

183. The Church denies the allegations contained in Paragraph 183 of the Counterclaim.

184. In response to the allegations contained in Paragraph 184 of the Counterclaim, the Church admits that the declarations contained the quoted language. The Church denies any remaining allegations contained in this Paragraph.

185. The Church denies the allegations contained in Paragraph 185 of the Counterclaim.

186. The Church denies the allegations contained in Paragraph 186 of the Counterclaim.

187. The Church denies the allegations contained in Paragraph 187 of the Counterclaim.

188. The Church admits the allegations contained in Paragraph 188 of the Counterclaim.

189. In response to the allegations contained in Paragraph 189 of the Counterclaim, the Church admits that the Mormon Channel was renamed the Latter-day Saints Channel. The Church denies that renaming the Mormon Channel constituted abandonment of any trademark rights, and denies any remaining allegations contained in this Paragraph.

190. In response to the allegations contained in Paragraph 190 of the Counterclaim, the Church admits that it submitted a declaration to the USPTO on March 30, 2022 in connection with Registration No. 5,020,309. The Church denies that it abandoned the MORMON CHANNEL mark and denies any remaining allegations in this Paragraph.

191. In response to the allegations contained in Paragraph 191 of the Counterclaim, the Church admits that it submitted specimens to the USPTO. The Church further states that the specimens speak for themselves and denies any allegation or characterization that is contrary to their text. The Church denies any remaining allegations in this Paragraph.

192. In response to the allegations contained in Paragraph 192 of the Counterclaim, the Church denies that it failed to inform the USPTO of material information, denies that it misled the USPTO, denies that it abandoned any trademark rights and denies any remaining allegations in this Paragraph.

193. The Church denies the allegations contained in Paragraph 193 of the Counterclaim.

194. The Church denies the allegations contained in Paragraph 194 of the Counterclaim.

195. In response to the allegations contained in Paragraph 195 of the Counterclaim, the Church admits that the declarant acknowledged the quoted language. The Church denies any remaining allegations in this Paragraph.

196. The Church denies the allegations contained in Paragraph 196 of the Counterclaim.

197. The Church denies the allegations contained in Paragraph 197 of the Counterclaim.

198. The Church denies the allegations contained in Paragraph 198 of the Counterclaim.

199. The Church admits the allegations contained in Paragraph 199 of the Counterclaim.

200. In response to the allegations contained in Paragraph 200 of the Counterclaim, the Church admits that Mormon Messages was renamed Inspirational Messages. The Church denies that renaming Mormon Messages constituted abandonment of any trademark rights and denies any remaining allegations in this Paragraph.

201. In response to the allegations contained in Paragraph 201 of the Counterclaim, the Church admits that it submitted a declaration to the USPTO on January 21, 2022 in connection with Registration No. 5,020,314. The Church denies that it abandoned the mark MORMON MESSAGES and denies any remaining allegations contained in this Paragraph.

202. In response to the allegations contained in Paragraph 202 of the Counterclaim, the Church admits that it submitted specimens to the USPTO. The Church denies that it abandoned any trademark rights in the mark MORMON MESSAGES and denies any remaining allegations in this Paragraph.

203. In response to the allegations contained in Paragraph 203 of the Counterclaim, the Church denies that the Church abandoned the MORMON MESSAGES mark and denies any remaining allegations in this Paragraph.

204. The Church denies the allegations contained in Paragraph 204 of the Counterclaim.

205. The Church denies the allegations contained in Paragraph 205 of the Counterclaim.

206. In response to the allegations contained in Paragraph 206 of the Counterclaim, the Church admits that the declarant acknowledged the quoted language. The Church denies any remaining allegations in this Paragraph.

207. The Church denies the allegations contained in Paragraph 207 of the Counterclaim.

208. The Church denies the allegations contained in Paragraph 208 of the Counterclaim.

209. The Church denies the allegations contained in Paragraph 209 of the Counterclaim.

210. The Church admits the allegations contained in Paragraph 210 of the Counterclaim.

211. In response to the allegations contained in Paragraph 211 of the Counterclaim, the Church admits that U.S. Trademark Application No. 98702873 stated that the Church's first use of BOOK OF MORMON STORIES in connection with podcasts was at least as early as November 1, 2010. The Church denies any remaining allegations in this Paragraph.

212. In response to the allegations contained in Paragraph 212 of the Counterclaim, the Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Defendants providing the alleged entertainment services. The Church denies any remaining allegations in this Paragraph.

213. In response to the allegations contained in Paragraph 213 of the Counterclaim, the Church admits that U.S. Trademark Application No. 98702873 contains the quoted language. The Church denies any remaining allegations in this Paragraph.

214. In response to the allegations contained in Paragraph 214 of the Counterclaim, the Church denies the false dichotomy in Defendants' allegations. The Church further states that Defendants misunderstand, misinterpret, or misconstrue the representation in the declaration. The Church denies any remaining allegations in this Paragraph.

215. In response to the allegations contained in Paragraph 215 of the Counterclaim, the Church admits that the USPTO granted its Registration No. 7,840,811. The Church denies any remaining allegations in this Paragraph.

216. In response to the allegations contained in Paragraph 216 of the Counterclaim, the Church admits that it has been aware of Dehlin for two decades and of the existence of the Mormon Stories podcast. The Church denies any remaining allegations contained in this Paragraph.

217. The Church denies the allegations contained in Paragraph 217 of the Counterclaim.

218. The Church denies the allegations contained in Paragraph 218 of the Counterclaim.

219. In response to the allegations contained in Paragraph 219 of the Counterclaim, the Church admits that the present lawsuit was filed more than three years after December 2022. The Church denies any remaining allegations contained in this Paragraph.

220. In response to the allegations contained in Paragraph 220 of the Counterclaim, the Church admits that on November 14, 2025, it sent Defendants correspondence notifying them that their actions infringed on the Church's trademarks and copyrights. The Church denies any remaining allegations contained in this Paragraph.

221. In response to the allegations contained in Paragraph 221 of the Counterclaim, the Church admits that on November 14, 2025, it sent Defendants correspondence notifying them that their actions infringed on the Church's trademarks and copyrights. The Church denies any remaining allegations contained in this Paragraph.

222. In response to the allegations contained in Paragraph 222 of the Counterclaim, the Church admits that after Defendants were notified of their infringing conduct, they made some changes to their branding and misuse of the Church's copyrighted images. The Church further states that Defendants' changes were not sufficient to remedy Defendants' copyright and trademark infringement. The Church denies any remaining allegations in this Paragraph.

223. In response to the allegations contained in Paragraph 223 of the Counterclaim, the Church admits that Defendants proposed to make changes to the color of its logo and removed some copyrighted images. The Church further states that Defendants' proposed changes to their logo were not sufficient to remedy their copyright and trademark infringement. The Church denies any remaining allegations in this Paragraph.

224. The Church denies the allegations contained in Paragraph 224 of the Counterclaim. The Church further states that Defendants refused to place a sufficiently visible written disclaimer on their website and social media stating that Mormon Stories "is not affiliated with, endorsed or sponsored by The Church of Jesus Christ of Latter-day Saints," and include the same brief verbal disclaimer at the beginning of podcast episodes.

225. In response to the allegations contained in Paragraph 225 of the Counterclaim, the Church admits that after receiving notice from the Church concerning their infringing conduct, Defendants made some changes to their logos. The Church denies that Defendants' changes were sufficient to remedy their copyright and trademark infringement. The Church denies any remaining allegations in this Paragraph.

226. In response to the allegations contained in Paragraph 226 of the Counterclaim, the Church admits that after receiving notice from the Church concerning their infringing conduct, Defendants removed or changed some of their infringing uses of the Church's copyrighted

images. The Church denies the allegation that Defendants' use of Church-owned images falls within any fair use exception or that Defendants were licensed to use the images. The Church denies any remaining allegations in this Paragraph.

227. In response to the allegations contained in Paragraph 227 of the Counterclaim, the Church admits that after receiving notice from the Church concerning their infringing conduct, Defendants removed the image of the Christus logo in at least some places but lacks knowledge or information sufficient to form a belief as to whether Defendants have ceased all uses of the Christus logo. The Church denies the allegation that Defendants' use of the Christus logo falls within any fair use exception. The Church denies any remaining allegations in this Paragraph.

228. In response to the allegations contained in Paragraph 228 of the Counterclaim, the Church admits that in February 2026, Defendants added a disclaimer to the bottom of the MORMON STORIES website and in the podcast description field on certain platforms. The Church further states that these disclaimers are not conspicuous or sufficiently visible and are insufficient to remedy the likelihood of confusion caused by Defendants' actions and denies any remaining allegations in this Paragraph.

229. In response to the allegations contained in Paragraph 229 of the Counterclaim, the Church admits that Defendants' YouTube channel description currently includes the statement referenced in this Paragraph. The Church further states that this disclaimer is not conspicuous or sufficiently visible and is insufficient to remedy the confusion caused by Defendants' actions and denies any remaining allegations in this Paragraph.

230. In response to the allegations contained in Paragraph 230 of the Counterclaim, the Church admits that Defendants' Spotify channel description currently includes the statement referenced in this Paragraph. The Church further states that this disclaimer is not conspicuous or

visible and is not sufficient to prevent confusion caused by Defendants' actions and denies the remaining allegations in this Paragraph.

231. In response to the allegations contained in Paragraph 231 of the Counterclaim, the Church admits that Defendants' Apple podcast channel description currently includes the statement referenced in this Paragraph. The Church further states that this disclaimer is not conspicuous or sufficiently visible and is insufficient to remedy the confusion caused by Defendants' actions and denies any remaining allegations in this Paragraph.

232. In response to the allegations contained in Paragraph 232 of the Counterclaim, the Church admits that the bottom of at least some pages of Defendants' website currently includes a statement that Mormon Stories is not affiliated with, endorsed or sponsored by The Church of Jesus Christ of Latter-day Saints. The Church further states that this disclaimer is not conspicuous or sufficiently visible and is insufficient to remedy the confusion caused by Defendants' actions and denies any remaining allegations in this Paragraph.

233. In response to the allegations contained in Paragraph 233 of the Counterclaim, the Church admits that Defendants sent an email to the Church in March 2026. The Church further states that Defendants refused to take the simple actions necessary to remedy the confusion caused by Defendants' infringement of the Church's copyrights and trademarks, including making a brief verbal statement at the beginning of podcast episodes disclaiming any affiliation with the Church. The Church denies any remaining allegations in this Paragraph.

234. The Church denies the allegations contained in Paragraph 234 of the Counterclaim.

235. In response to the allegations contained in Paragraph 235 of the Counterclaim, the Church admits that it requested that Defendants include written and audible disclaimers during

podcast episodes and that the written disclaimers be more prominently displayed. The Church further states, as Defendants know, that over the course of discussions and negotiations, the Church agreed that a brief verbal disclaimer needed only to be included at the beginning of podcast episodes and that a written disclaimer needed to only be sufficiently prominent to be likely to be seen, not buried somewhere in small print. The Church denies any remaining allegations in this Paragraph.

236. In response to the allegations contained in Paragraph 236 of the Counterclaim, the Church admits that Defendants rejected the Church's proposals described in the preceding paragraph. The Church denies the remaining allegations in this Paragraph.

237. In response to the allegations contained in Paragraph 237 of the Counterclaim, the Church admits that it filed this lawsuit on April 17, 2026 and that it issued a press release titled "Getting it Right: Clarifying Trademark and Branding Concerns." The Church denies the remaining allegations in this Paragraph.

238. The Church denies the allegations contained in Paragraph 238 of the Counterclaim.

239. In response to the allegations contained in Paragraph 239 of the Counterclaim, the Church admits that the quoted language appears in the referenced press release. The Church denies the remaining allegations in this Paragraph.

240. In response to the allegations contained in Paragraph 240 of the Counterclaim, the Church admits that the quoted language appears in the press release. The Church denies that the press falsely portrayed the discussions between the parties. In fact, Defendants refused to make a brief verbal disclaimer of affiliation with the Church at the beginning of podcast episodes and

refused to include a written disclaimer in a manner likely to be seen by viewers. The Church denies any remaining allegations in this Paragraph.

241. In response to the allegations contained in Paragraph 241 of the Counterclaim, the Church denies that the press release was deceptive. The Church lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

242. The Church denies the allegations contained in Paragraph 242 of the Counterclaim. The Church admits that some of the comments in paragraph 54 of the Complaint were sourced from Mormon Stories Facebook and YouTube pages and that some comments were from other sources.

243. In response to the allegations contained in Paragraph 243 of the Counterclaim, the Church admits that some of the comments in paragraph 54 of the Complaint came from Mormon Stories Facebook and YouTube pages and that some comments were from other sources. The Church further states that the referenced comments were accurately reflected in the Complaint. The Church denies any remaining allegations in this Paragraph.

244. In response to the allegations contained in Paragraph 244 of the Counterclaim, the Church admits that some of the comments in paragraph 54 of the Complaint came from Mormon Stories Facebook and YouTube pages and that some comments were from other sources. The Church further states that the referenced comments were accurately reflected in the Complaint. The Church denies any remaining allegations in this Paragraph.

245. The Church denies the allegations contained in Paragraph 245 of the Counterclaim.

246. In response to the allegations contained in Paragraph 246 of the Counterclaim, the Church admits that two of the comments referenced in Paragraph 54 of the Complaint were

made, in December 2025, in response to a YouTube video posted by David Alexander. The Church further states that the referenced comments were accurately reflected in the Complaint. The Church denies that the comments are not representative of actual consumer confusion and denies any remaining allegations in this Paragraph.

247. In response to the allegations contained in Paragraph 247 of the Counterclaim, the Church admits that five of the comments referenced in Paragraph 54 of the Complaint were made, in November 2025, in response to a YouTube video posted by a podcaster using the name "Latter Daily Saints." The Church further states that the referenced comments were accurately reflected in the Complaint. The Church denies that the comments are not representative of actual consumer confusion and denies any remaining allegations in this Paragraph.

248. In response to the allegations contained in Paragraph 248 of the Counterclaim, the Church admits that one of the comments referenced in Paragraph 54 of the Complaint was made, in December 2025, in response to a YouTube video posted by Jasmin Rappleye. The Church further states that the referenced comment was accurately reflected in the Complaint. The Church denies that the comment is not representative of actual consumer confusion and denies any remaining allegations in this Paragraph.

249. In response to the allegations contained in Paragraph 249 of the Counterclaim, the Church admits that one of the comments referenced in Paragraph 54 of the Complaint was posted, in July 2025, in response to a post on a personal X account. The Church further states that the referenced comment was accurately reflected in the Complaint. The Church denies that the comment is not representative of actual consumer confusion and denies any remaining allegations in this Paragraph.

250. The Church denies the allegations contained in Paragraph 250 of the Counterclaim.

251. The Church denies the allegations contained in Paragraph 251 of the Counterclaim.

252. The Church denies the allegations contained in Paragraph 252 of the Counterclaim.

253. The Church denies the allegations contained in Paragraph 253 of the Counterclaim.

254. The Church denies the allegations contained in Paragraph 254 of the Counterclaim.

255. The Church denies the allegations contained in Paragraph 255 of the Counterclaim.

## COUNT I
**(Declaratory Judgment of No Trademark Infringement under 15 U.S.C. § 1114)**

256. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

257. The Church denies the allegations contained in Paragraph 257 of the Counterclaim.

258. The Church denies the allegations contained in Paragraph 258 of the Counterclaim.

259. In response to the allegations contained in Paragraph 259 of the Counterclaim, the Church admits that religious sects have used the term “Mormon,” but denies any allegation that “Mormon” cannot be the subject of valid trademark rights. The Church denies any remaining allegations in this Paragraph.

260. The Church denies the allegations contained in Paragraph 260 of the Counterclaim.

261. The Church denies the allegations contained in Paragraph 261 of the Counterclaim.

262. The Church denies the allegations contained in Paragraph 262 of the Counterclaim.

263. In response to the allegations contained in Paragraph 263 of the Counterclaim, the Church admits that it does not assert trademark or trade dress rights in the color blue standing alone. The Church denies any remaining allegations in this Paragraph.

264. In response to the allegations contained in Paragraph 264 of the Counterclaim, the Church admits that it does not assert secondary meaning in the color blue standing alone. The Church denies any remaining allegations in this Paragraph.

265. In response to the allegations contained in Paragraph 265 of the Counterclaim, the Church admits that some other religious organizations use blue in their branding. The Church denies any allegation that its use of blue in combination with other design elements, including the Light-Rays Design, is not distinctive or does not serve as a source identifier for the Church's goods and services. The Church denies any remaining allegations in this Paragraph.

266. In response to the allegations contained in Paragraph 266 of the Counterclaim, the Church admits that the color blue may have religious significance in other faiths. The Church denies any allegation that the Church's use of blue in combination with other design elements, including the Light-Rays Design, is not distinctive or does not serve as a source identifier for the Church's goods and services. The Church denies any remaining allegations in this Paragraph.

267. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Counterclaim.

268. The Church denies the allegations contained in Paragraph 268 of the Counterclaim.

269. In response to the allegations contained in Paragraph 269 of the Counterclaim, the Church admits that Registration No. 6,142,065 for the Light-Rays Design mark depicted in paragraphs 20 and 28 of the Complaint and reproduced in this Paragraph, includes the mark description quoted in Paragraph 269. The Church denies any remaining allegations in this Paragraph.

270. The Church denies the allegations contained in Paragraph 270 of the Counterclaim.

271. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 of the Counterclaim.

272. The Church denies the allegations contained in Paragraph 272 of the Counterclaim.

273. In response to the allegations contained in Paragraph 273 of the Counterclaim, the Church denies that the referenced Microsoft PowerPoint template bears a stark resemblance to the Church's Light-Rays Design mark or that such templates diminish the distinctiveness of the Church's mark. The Church denies any remaining allegations in this Paragraph.

274. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 of the Counterclaim.

275. The Church denies the allegations contained in Paragraph 275 of the Counterclaim.

276. The Church denies the allegations contained in Paragraph 276 of the Counterclaim.

277. The Church denies the allegations contained in Paragraph 277 of the Counterclaim.

278. The Church denies the allegations contained in Paragraph 278 of the Counterclaim.

279. The Church denies the allegations contained in Paragraph 279 of the Counterclaim.

280. The Church denies the allegations contained in Paragraph 280 of the Counterclaim.

281. The Church denies the allegations contained in Paragraph 281 of the Counterclaim.

282. The Church denies the allegations contained in Paragraph 282 of the Counterclaim.

283. The Church denies the allegations contained in Paragraph 283 of the Counterclaim.

**COUNT II**
**(Declaratory Judgment of No Trademark Infringement under 15 U.S.C. § 1125)**

284. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

285. The Church denies the allegations contained in Paragraph 285 of the Counterclaim.

286. The Church denies the allegations contained in Paragraph 286 of the Counterclaim.

287. The Church denies the allegations contained in Paragraph 287 of the Counterclaim.

288. In response to the allegations contained in Paragraph 288 of the Counterclaim, the Church admits that religious sects have used the term "Mormon," but denies any allegation or implication that "Mormon" cannot be the subject of valid trademark rights. The Church denies any remaining allegations in this Paragraph.

289. The Church denies the allegations contained in Paragraph 289 of the Counterclaim.

290. The Church denies the allegations contained in Paragraph 290 of the Counterclaim.

291. The Church denies the allegations contained in Paragraph 291 of the Counterclaim.

292. In response to the allegations contained in Paragraph 292 of the Counterclaim, the Church admits that it does not assert trademark or trade dress rights in the color blue standing alone. The Church denies any remaining allegations in this Paragraph.

293. In response to the allegations contained in Paragraph 293 of the Counterclaim, the Church admits that it does not assert secondary meaning in the color blue standing alone. The Church denies any remaining allegations in this Paragraph.

294. In response to the allegations contained in Paragraph 294 of the Counterclaim, the Church admits that Defendants launched the Mormon Stories podcast in 2005. The Church denies any remaining allegations contained in this Paragraph.

295. The Church denies the allegations contained in Paragraph 295 of the Counterclaim.

296. The Church denies the allegations contained in Paragraph 296 of the Counterclaim.

297. The Church denies the allegations contained in Paragraph 297 of the Counterclaim.

298. The Church denies the allegations contained in Paragraph 298 of the Counterclaim.

299. The Church denies the allegations contained in Paragraph 299 of the Counterclaim.

**COUNT III**
**(Declaratory Judgment of No Common Law Trademark Infringement)**

300. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

301. The Church denies the allegations contained in Paragraph 301 of the Counterclaim.

302. The Church denies the allegations contained in Paragraph 302 of the Counterclaim.

303. The Church denies the allegations contained in Paragraph 303 of the Counterclaim.

304. The Church denies the allegations contained in Paragraph 304 of the Counterclaim.

305. The Church denies the allegations contained in Paragraph 305 of the Counterclaim.

306. The Church denies the allegations contained in Paragraph 306 of the Counterclaim.

307. The Church denies the allegations contained in Paragraph 307 of the Counterclaim.

**COUNT IV**
**(Declaratory Judgment of No Copyright Infringement)**

308. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

309. The Church admits the allegations contained in Paragraph 309 of the Counterclaim.

310. The Church denies the allegations contained in Paragraph 310 of the Counterclaim.

311. The Church denies the allegations contained in Paragraph 311 of the Counterclaim.

312. The Church denies the allegations contained in Paragraph 312 of the Counterclaim.

313. The Church lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 of the Counterclaim.

314. The Church denies the allegations contained in Paragraph 314 of the Counterclaim.

315. The Church denies the allegations contained in Paragraph 315 of the Counterclaim.

316. The Church denies the allegations contained in Paragraph 316 of the Counterclaim.

317. The Church denies the allegations contained in Paragraph 317 of the Counterclaim.

318. The Church denies the allegations contained in Paragraph 318 of the Counterclaim.

319. The Church denies the allegations contained in Paragraph 319 of the Counterclaim.

**COUNT V**
**(Cancellation of Reg. No. 3,239,919 for MORMON)**

320. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

321. The Church denies the allegations contained in Paragraph 321 of the Counterclaim.

322. The Church denies the allegations contained in Paragraph 322 of the Counterclaim.

323. The Church denies the allegations contained in Paragraph 323 of the Counterclaim.

324. The Church denies the allegations contained in Paragraph 324 of the Counterclaim.

325. The Church denies the allegations contained in Paragraph 325 of the Counterclaim.

326. The Church denies the allegations contained in Paragraph 326 of the Counterclaim.

327. The Church denies the allegations contained in Paragraph 327 of the Counterclaim.

328. The Church denies the allegations contained in Paragraph 328 of the Counterclaim.

329. The Church denies the allegations contained in Paragraph 329 of the Counterclaim.

**COUNT VI**
**(Cancellation of Reg. No. 3,715,744 for MORMON.ORG)**

330. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

331. The Church denies the allegations contained in Paragraph 331 of the Counterclaim.

332. In response to the allegations contained in Paragraph 332 of the Counterclaim, the Church admits that www.mormon.org redirects to the Church's website. The Church further states that Paragraph 332 contains legal conclusions regarding the use of MORMON.ORG as a trademark to which no response is required. To the extent a response is required, the Church denies the allegations in this Paragraph.

333. The Church states that Paragraph 333 contains legal conclusions to which no response is required. To the extent a response is required, the Church denies the allegations contained in this Paragraph.

334. The Church states that Paragraph 334 contains legal conclusions to which no response is required. To the extent a response is required, the Church denies the allegations contained in this Paragraph.

335. The Church states that Paragraph 335 contains legal conclusions regarding abandonment of rights in a registered mark to which no response is required. To the extent a response is required, the Church denies the allegations contained in this Paragraph.

336. The Church states that Paragraph 336 contains legal conclusions regarding the reliance on and abandonment of rights in "Mormon.org" to which no response is required. To the extent a response is required, the Church denies the allegations contained in this Paragraph.

**COUNT VII**
**(Cancellation of Reg. Nos. 2,883,572; 8,018,073; 7,840,811; 7,840,809; 7,840,810; and 7,822,271 for BOOK OF MORMON marks)**

337. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

338. The Church denies the allegations contained in Paragraph 338 of the Counterclaim.

339. The Church denies the allegations contained in Paragraph 339 of the Counterclaim.

340. The Church denies the allegations contained in Paragraph 340 of the Counterclaim.

341. The Church denies the allegations contained in Paragraph 341 of the Counterclaim.

342. The Church denies the allegations contained in Paragraph 342 of the Counterclaim.

343. The Church denies the allegations contained in Paragraph 343 of the Counterclaim.

**COUNT VIII**
**(Alternative Cancellation of Reg. No. 7,840,811 for BOOK OF MORMON STORIES)**

344. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

345. The Church denies the allegations contained in Paragraph 345 of the Counterclaim.

346. The Church denies the allegations contained in Paragraph 346 of the Counterclaim.

347. The Church denies the allegations contained in Paragraph 347 of the Counterclaim.

348. The Church denies the allegations contained in Paragraph 348 of the Counterclaim.

349. The Church denies the allegations contained in Paragraph 349 of the Counterclaim.

350. The Church denies the allegations contained in Paragraph 350 of the Counterclaim.

351. The Church denies the allegations contained in Paragraph 351 of the Counterclaim.

**COUNT IX**
**(Cancellation of Reg. No. 5,020,309 for MORMON CHANNEL)**

352. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

353. The Church denies the allegations contained in Paragraph 353 of the Counterclaim.

354. In response to the allegations contained in Paragraph 354 of the Counterclaim, the Church admits that the Mormon Channel was renamed the Latter-day Saints Channel in 2019. The Church denies it has ceased use of the mark MORMON CHANNEL and denies any remaining allegations in this Paragraph.

355. The Church denies the allegations contained in Paragraph 355 of the Counterclaim.

356. The Church denies the allegations contained in Paragraph 356 of the Counterclaim.

357. The Church denies the allegations contained in Paragraph 357 of the Counterclaim.

358. The Church denies the allegations contained in Paragraph 358 of the Counterclaim.

359. The Church denies the allegations contained in Paragraph 359 of the Counterclaim.

360. The Church denies the allegations contained in Paragraph 360 of the Counterclaim.

361. The Church denies the allegations contained in Paragraph 361 of the Counterclaim.

362. The Church denies the allegations contained in Paragraph 362 of the Counterclaim.

363. The Church denies the allegations contained in Paragraph 363 of the Counterclaim.

**COUNT X**
**(Cancellation of Reg. No. 5,020,314 for MORMON MESSAGES)**

364. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

365. The Church denies the allegations contained in Paragraph 365 of the Counterclaim.

366. In response to the allegations contained in Paragraph 366 of the Counterclaim, the Church admits that Mormon Messages was renamed Inspirational Messages in 2019. The Church denies any other allegations in this Paragraph.

367. The Church denies the allegations contained in Paragraph 367 of the Counterclaim.

368. The Church denies the allegations contained in Paragraph 368 of the Counterclaim.

369. The Church denies the allegations contained in Paragraph 369 of the Counterclaim.

370. The Church denies the allegations contained in Paragraph 370 of the Counterclaim.

371. The Church denies the allegations contained in Paragraph 371 of the Counterclaim.

372. The Church denies the allegations contained in Paragraph 372 of the Counterclaim.

373. The Church denies the allegations contained in Paragraph 373 of the Counterclaim.

374. The Church denies the allegations contained in Paragraph 374 of the Counterclaim.

375. The Church denies the allegations contained in Paragraph 375 of the Counterclaim.

**COUNT XI**
**(Cancellation of Reg. Nos. 2,766,231 & 2,913,694 for MORMON TABERNACLE CHOIR)**

376. The Church incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

377. The Church denies the allegations contained in Paragraph 377 of the Counterclaim.

378. In response to the allegations contained in Paragraph 378 of the Counterclaim, the Church admits that the Mormon Tabernacle Choir was renamed the Tabernacle Choir at Temple Square in 2018. The Church denies any remaining allegations in this Paragraph.

379. The Church denies the allegations contained in Paragraph 379 of the Counterclaim.

380. The Church denies the allegations contained in Paragraph 380 of the Counterclaim.

381. The Church denies the allegations contained in Paragraph 381 of the Counterclaim.

382. The Church denies the allegations contained in Paragraph 382 of the Counterclaim.

383. The Church denies the allegations contained in Paragraph 383 of the Counterclaim.

384. The Church denies the allegations contained in Paragraph 384 of the Counterclaim.

385. The Church denies the allegations contained in Paragraph 385 of the Counterclaim.

386. The Church denies the allegations contained in Paragraph 386 of the Counterclaim.

387. The Church denies the allegations contained in Paragraph 387 of the Counterclaim.

## **RESPONSE TO PRAYER FOR RELIEF**

The Church denies that Defendants are entitled to any of the relief requested in their Counterclaims, including but not limited to dismissal of the Complaint, declaratory judgments of non-infringement, cancellation of any trademark registrations, attorneys' fees, or any other relief.

## **GENERAL DENIAL**

The Church denies each and every allegation and assumption in the Counterclaim not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Defendants' Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### **SECOND AFFIRMATIVE DEFENSE**
### **(Likelihood of Confusion)**

Defendants' declaratory judgment counterclaims (Counts I–III) fail because Defendants' use of MORMON STORIES, in combination with their use of the light-rays design elements, certain fonts and colors, Church-affiliated imagery, and other branding elements, creates a likelihood of confusion, mistake, or deception as to the source, sponsorship, or affiliation of the MORMON STORIES podcast with Plaintiffs and the Church.

**THIRD AFFIRMATIVE DEFENSE**
**(Validity of Trademark Registrations)**

Plaintiffs' trademark registrations identified in the Counterclaims are valid and enforceable. Plaintiffs have continuously used their registered marks in commerce in connection with the goods and services identified in each registration and have complied with all statutory requirements for maintenance and renewal of said registrations. Defendants' allegations of abandonment, genericness, and fraud are without merit.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Abandonment)**

Plaintiffs have not abandoned any of the trademarks at issue. Plaintiffs have maintained continuous use of the marks in commerce, and Plaintiffs' public statements regarding the preferred manner of referring to the Church do not constitute abandonment of trademark rights under 15 U.S.C. § 1127. The Church's preference for certain naming conventions in everyday speech does not establish an intent to abandon its federal trademark registrations or relinquish the legal rights secured thereby. Without admitting abandonment, any alleged abandonment would be limited to, at most, a specific mark and specific goods or services and would not extend to the remaining goods or services offered under the mark or related marks.

**FIFTH AFFIRMATIVE DEFENSE**
**(Marks Are Not Generic)**

The marks at issue, including the MORMON Marks, are not generic terms for the goods and services identified in their respective registrations and in connection with which they are used. Each mark identifies and distinguishes Plaintiffs' goods and services and indicates Plaintiffs as the source thereof. To the extent the term "Mormon" has a descriptive component, Plaintiffs' marks have acquired distinctiveness and secondary meaning through decades of extensive, continuous, and exclusive use, advertising, and public recognition. Without admitting genericness of any mark,

any alleged generic meaning would be limited to, at most, certain specific services and would not extend to the remaining goods or services offered by Plaintiffs or any services offered by Defendants.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Fraud on the USPTO)**

Defendants' fraud-based cancellation counterclaims (Counts VIII–XI) fail because Plaintiffs did not make any false, material misrepresentations to the USPTO with the intent to deceive. All declarations submitted to the USPTO were made in good faith and were truthful based on the declarants' understanding of the facts at the time they were submitted. Defendants cannot meet the clear and convincing evidence standard required to establish fraud on the trademark office. *See In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Good Faith USPTO Filings — Book of Mormon Stories Declaration)**

With respect to Defendants' Count VIII, the declaration submitted in connection with U.S. Trademark Application No. 98702873 for BOOK OF MORMON STORIES was truthful and made in good faith. The declaration that no other person "has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely . . . to cause confusion" accurately reflected Plaintiffs' belief that Defendants did not have the right to use a confusingly similar mark — which is consistent with, and not contradicted by, Plaintiffs' infringement claims in the above-captioned action.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Continued Use in Commerce)**

Plaintiffs have maintained bona fide use in commerce of the marks identified in Defendants' cancellation counterclaims and asserted by Plaintiffs in the Complaint. Any evolution in Plaintiffs' branding practices did not constitute cessation of trademark use, and Plaintiffs have

at all relevant times continued to the marks in connection with the goods and services identified in the respective registrations, as evidenced by the specimens of use submitted to the USPTO.

**NINTH AFFIRMATIVE DEFENSE**
**(Presumption of Validity — Incontestability)**

Some or all of Plaintiffs' trademark registrations enjoy the presumption of validity under 15 U.S.C. § 1057(b) and, to the extent applicable, the enhanced protections of incontestable status under 15 U.S.C. § 1065. Defendants bear the burden of overcoming this presumption by clear and convincing evidence for fraud-based claims and by a preponderance of the evidence for other cancellation grounds, which they cannot satisfy.

**TENTH AFFIRMATIVE DEFENSE**
**(Standing — Declaratory Judgment Counts)**

Defendants lack standing or alternatively have failed to establish a justiciable case or controversy sufficient to warrant a declaratory judgment, with respect to some or all of Counts I through IV of the Counterclaims.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands, Equitable Estoppel, and Other Equitable Principles)**

Defendants' Counterclaims are barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, and other applicable equitable principles. As alleged in the Complaint, Defendants knowingly and intentionally adopted and used the MORMON STORIES marks and branding—including a blue logo, light-rays design, fonts, colors, and other design elements calculated to imitate Plaintiffs and to create or capitalize on confusion concerning source, affiliation, sponsorship, or approval—despite their knowledge of Plaintiffs' ownership and prior use of those marks and design elements. Defendants likewise intentionally and willfully reproduced and displayed Plaintiffs' copyrighted images without authorization, despite their knowledge of Plaintiffs' ownership and use of those works. After Plaintiffs notified Defendants of

their infringement, Defendants assured Plaintiffs that they would remove Plaintiffs' copyrighted images and refrain from using such images in the future, but only days later used another image owned and registered by Plaintiffs to advertise a podcast episode. Defendants' inequitable conduct directly concerns the marks, copyrighted works, and uses at issue in their Counterclaims.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Infringement Bars Declaratory Relief)**

Defendants are not entitled to a declaratory judgment of non-infringement because Defendants have infringed, and continue to infringe, Plaintiffs' valid and enforceable trademark and copyright rights. Defendants' actions constitute trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), common law, and Utah Code Ann. § 13-5a-103, and copyright infringement under 17 U.S.C. § 501.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Establish Fraud with Particularity)**

Defendants' fraud-based cancellation counterclaims fail to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Defendants' allegations of fraud on the USPTO are premised on speculation, conclusory assertions, and information and belief.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Copyright Infringement Not Excused)**

Defendants' counterclaim for declaratory judgment of no copyright infringement (Count IV) fails because Defendants' unauthorized reproduction and public display of Plaintiffs' copyrighted works does not fall within any applicable exception or defense to copyright infringement. Defendants' use of Plaintiffs' copyrighted images is not permitted under any license, and Defendants' use does not qualify as fair use under 17 U.S.C. § 107.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

This case is not "exceptional" within the meaning of 15 U.S.C. § 1117(a) such that Defendants would not be entitled to an award of attorneys' fees. Plaintiffs' trademark and copyright claims are well-grounded in fact and law, were brought in good faith to protect Plaintiffs' legitimate intellectual property rights, and do not reflect any improper motive or litigation conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Family of Marks)**

Plaintiffs' marks incorporating the term MORMON, including each of the MORMON Marks, among others, have long been used and promoted together in connection with related goods and services and constitute a family of marks. The relevant public recognizes marks incorporating the term MORMON as referencing the Church and as an indication of origin, irrespective of the particular MORMON-formative mark used. This family of marks doctrine strengthens the likelihood of confusion arising from Defendants' use of MORMON STORIES and related branding and supports the validity and strength of the individual marks identified in Defendants' cancellation counterclaims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Excusable Non-Use)**

Plaintiffs deny that they discontinued use of the MORMON Marks. To the extent there was any interruption in use of any of those marks, such interruption was temporary and excusable under the circumstances, and Plaintiffs maintained a continuing intent to resume use of the marks. Accordingly, any alleged interruption in use did not constitute abandonment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Residual Goodwill)**

Plaintiffs deny that they abandoned any of the MORMON Marks for any goods or services. Without admitting any discontinuance of use, Plaintiffs' MORMON Marks retain, and have

retained, substantial residual goodwill and continue to signify Plaintiffs as the source of the associated goods and services in the minds of relevant consumers. This continuing source significance negates any inference of abandonment.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Defenses)**

Plaintiffs reserve the right to assert any additional defenses that may become available or apparent through the course of discovery or further proceedings in this matter.

**PRAYER FOR RELIEF**

The Church requests that Defendants' counterclaims be dismissed with prejudice and that the Church be awarded its attorneys' fees and costs, to the fullest extent allowed by law, and such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

The Church hereby demands trial by jury as to all issues in this action triable by jury, including all triable issues raised in the Counterclaim.

DATED: August 28, 2026

FOLEY & LARDNER LLP

*/s/ David J. Jordan*
David J. Jordan
David L. Mortensen
Timothy V. Hansen
Euigin K. Pace

PIRKEY BARBER PLLC
Tyson D. Smith (*Pro Hac Vice*)
Stephen P. Meleen (*Pro Hac Vice*)
Ryan J. Miller (*Pro Hac Vice*)

*Attorneys for Plaintiffs Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm Foley & Lardner LLP and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS** was delivered via the Court's CM/ECF system, which electronically transmitted notice of such filing to all counsel of record on this the 28th day of August 2026, as follows.

Mark A. Miller
Elliot Hales
Olivia McQuarrie
DORSEY & WHITNEY LLP
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111

Mike Keyes
DORSEY & WHITNEY LLP
701 Fifth Ave., Suite 6100
Seattle, WA 98104-7043

Elissa Brockbank Reese
POTOMAC LAW GROUP, PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006

Ryan E. Hatch
HATCH LAW PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066

*Attorneys for Defendants Open Stories Foundation and John P. Dehlin*

*/s/ Geysa Peeler*