Mark A. Miller (#9563)
miller.mark@dorsey.com
Elliot Hales (#16684)
hales.elliot@dorsey.com
Olivia McQuarrie (#19621)
mcquarrie.olivia@dorsey.com
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373

Mike Keyes (pro hac vice)
keyes.mike@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Ave., Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Elissa Brockbank Reese (pro hac vice)
ereese@potomaclaw.com
**POTOMAC LAW GROUP, PLLC**
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Telephone: (202) 558-5557
Facsimile: (202) 318-7707

Ryan E. Hatch (pro hac vice)
ryan@hatchlaw.com
**HATCH LAW PC**
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Telephone: (310) 279-5079
Facsimile: (310) 693-5328

*Attorneys for Defendants Open Stories Foundation and John P. Dehlin*

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| INTELLECTUAL RESERVE, INC., a Utah non-profit corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Plaintiffs,<br><br>vs.<br><br>OPEN STORIES FOUNDATION, an Arizona non-profit corporation; JOHN P. DEHLIN, an individual,<br><br>Defendants. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE IN FURTHER SUPPORT OF MOTION TO DISMISS**<br><br>Civil No. 2:26-CV-00321<br><br>Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Defendants respectfully provide notice to the Court of recently discovered supplemental evidence that further supports Defendants' Motion to Dismiss (ECF 41; "Motion").

Two days after Defendants filed their Reply (ECF 73) in support of the Motion, a podcast interview of David Jordan, lead counsel for Plaintiffs (collectively "the Church"), was released wherein Mr. Jordan discussed the present lawsuit and the parties' prior settlement negotiations. *See* Keystone podcast, *Church's attorney DEBUNKS Mormon Stories lawsuit rumors* (https://www.youtube.com/watch?v=eW0XiaJ0yA4) (transcript attached as Exhibit L). In the interview, Mr. Jordan states, "And of course, nobody owns the word Mormon" and explains that this lawsuit is "not about the word Mormon. It's about using the word Mormon in a context like you've described, with color schemes, with font schemes, with light rays, with the copyrighted images. It's that context which gives rise to the likelihood of confusion, and that's what gives rise to a trademark claim." *Id*. at 9:07, 10:16. To give an example of a use of "Mormon" that does *not* infringe the Church's trademark rights, Mr. Jordan referred to the BAD MORMON name of a book by Heather Gay, using the image below, and stated, "If you see the words Bad Mormon, you're not thinking, oh, I bet that's affiliated with the Church." *Id*. at 26:40.



What Mr. Jordan withheld from the listening podcast audience, as he was admitting that BAD MORMON does *not* create confusion, is the fact that in 2022, the Church actually accused BAD MORMON of creating a likelihood of confusion and opposed Ms. Gay's trademark application for BAD MORMON on that basis. *See* Church Opposition Petition (Exhibit M).[1] Specifically, in the Church's October 2022 opposition petition, the Church alleged,

> Likelihood of confusion is not diminished by Applicant's use of the word "bad" since the teachings of Opposer are directed to all persons good and bad and one of its primary religious beliefs is that those who have committed bad acts can be redeemed through repentance and adherence to those teachings.
>
> * * * *
>
> Applicant's alleged mark BAD MORMON, as applied to the goods and services identified in its application, so resembles Opposer's MORMON Marks as to be likely to cause confusion mistake, or to deceive, or to falsely suggest a connection with Opposer, or dilute the distinctive quality of Opposer's famous MORMON Marks.

*Id*. at ¶¶ 31-33. For a little more than a year, the Church's aggressive enforcement efforts apparently wore Ms. Gay down and she ultimately capitulated and voluntarily abandoned her trademark application to resolve the matter. *See* Request to Abandon Application (Exhibit N).[2]

The foregoing illustrates that *even when the Church knows there is no infringement or likely confusion*, as Mr. Jordan admits, the Church and its attorneys nonetheless intentionally misuse federal trademark law as a tool of coercion, wielding the burdensome *process* (rather than

---

[1] *See, e.g., Spice Merchs. Entities Corp. v. Pretty Colo., LLC*, 2024 WL 4844825, *5 (D. Colo. Nov. 20, 2024) (taking judicial notice of "trademark documents from the United States Patent and Trademark Office" in resolving a motion to dismiss under Rule 12(b)(6)).
[2] In addition to the BAD MORMON scenario, the records at the United States Patent and Trademark Office show that the Church has filed oppositions to trademark applications alleging confusion for names such as MORMON WHISKEY, MORMONS FOR THE DEVILS, MORMONBOYZ, and SECRET MORMON. *See* Exhibit O.

genuine merits) to compel changes and *control* how "Mormon" is used by others. Defendants present this evidence to emphasize the importance of their First Amendment defense as set forth in their Motion papers and to show that the Electronic Frontier Foundation's concerns about "the coercive power of dubious trademark claims" is particularly salient here given the Church's history of dubious enforcement. *See* ECF 70 at 8.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Mark A. Miller*

Mark A. Miller
Elliot Hales
Olivia McQuarrie
Mike Keyes
**Dorsey & Whitney, LLP**

Elissa Brockbank Reese
**Potomac Law Group, PLLC**

Ryan E. Hatch
**Hatch Law, PC**

*Attorneys for Defendants Open Stories Foundation and John P. Dehlin*