David J. Jordan (UT Bar No. 1751)
djordan@foley.com
David L. Mortensen (UT Bar No. 8242)
dmortensen@foley.com
Timothy V. Hansen (UT Bar No. 18008)
tim.hansen@foley.com
Euigin Kim Pace (UT Bar No. 19644)
gpace@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: (801) 401-8900

Tyson D. Smith (TX Bar #24079362) (*Pro Hac Vice*)
tsmith@pirkeybarber.com
Stephen P. Meleen (TX Bar #00795776) (*Pro Hac Vice*)
smeleen@pirkeybarber.com
Ryan J. Miller (TX Bar #24131514) (*Pro Hac Vice*)
rmiller@pirkeybarber.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200

*Attorneys for Intellectual Property Reserve, Inc.*
*and The Church of Jesus Christ of Latter-day Saints*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| INTELLECTUAL RESERVE, INC., a Utah Non-Profit Corporation; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN STORIES FOUNDATION, an Arizona Non-Profit Corporation; JOHN P. DEHLIN, an individual,<br><br>Defendants.<br><br>RELATED COUNTERCLAIM | **RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE OR AUTHORITY**<br><br>Civil Action No. 2:26-cv-00321<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Defendants' Notice of Supplemental Evidence or Authority[1] (the "Notice") is not relevant to Defendants' Motion to Dismiss. Even setting aside the fact that Defendants' Notice rests on inaccurate speculation about Plaintiffs' motives and ignores the context of Mr. Jordan's remarks and Plaintiffs' filings with the Patent and Trademark Office, the Notice is improper under this Court's rules.

Initially, Defendants' Notice is based on a basic misunderstanding. It conflates Mr. Jordan's example about *Bad Mormon* as a book title—a single expressive work—with Plaintiffs' opposition to a trademark application seeking to register BAD MORMON as a source identifier for a variety of goods. Those are materially different issues. A book title in a particular context may not cause confusion, while use of the same terms as a trademark for a range of goods can. The First Amendment may protect expressive use, but it does not confer a right to federal trademark registration. *See Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 156–57 (2023). By equating the two, Defendants only underscore that they still misunderstand the distinction *Jack Daniel's* requires and why their speculation about Plaintiffs' motives for enforcing its trademarks is inaccurate and inappropriate.

Regardless, Defendants' Notice is not proper. ***First***, the Notice violates the local rules. DUCivR 7-1(c) permits a party to identify "pertinent and significant authority" and explain its relevance "without argument." But Defendants' Notice offers exactly what the rule forbids: a podcast recording, PTO records that existed when Defendants filed their Motion to Dismiss, and baseless speculation about Plaintiffs' motives. This Court has expressly rejected such filings. *Tilleman v. Hildebrandt*, No. 2:25-cv-00049-AMA-CMR, 2026 WL 2453575, at *3 (D. Utah Aug.

---

[1] Defendants' Notice is titled "Notice of Supplemental Evidence" in the document's caption but is identified as "Notice of Supplemental Authority" in the ECF filing notice.

21, 2026) ("DUCivR 7-1(c) . . . allows such notices to 'bring new *authorities* to the attention of the court; it is not designed to bring new evidence through the back door'" (quoting *Kane Cnty. (II), Utah v. United States*, No. 2:10-cv-1073, 2020 WL 5016890, at *2 (D. Utah Aug. 24, 2020)) (emphasis in original). "The introduction of new evidence . . . reaches beyond the proper purpose of DUCivR 7-1(c)." *Id.* at *4. Like the court in *Tilleman*, this Court should hold that Defendants' attempt to circumvent the Court's rules is improper. *Id.*

***Second***, the Notice is irrelevant. A motion to dismiss tests the sufficiency of the complaint. Proffered "evidence" outside "the four corners of the complaint" ordinarily may not be considered. *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1297 (10th Cir. 2025). The podcast and PTO records Defendants reference have no bearing on whether Plaintiffs have stated a claim and, accordingly, are irrelevant.

Ultimately, Defendants' "Notice" should be seen for what it is, an improper attempt to submit irrelevant material to support a flawed motion.

DATED: October 1, 2016

FOLEY & LARDNER LLP

*/s/ David J. Jordan*
David J. Jordan
David L. Mortensen
Timothy V. Hansen
Euigin K. Pace

PIRKEY BARBER PLLC
Tyson D. Smith (*Pro Hac Vice*)
Stephen P. Meleen (*Pro Hac Vice*)
Ryan J. Miller (*Pro Hac Vice*)

*Attorneys for Plaintiffs Intellectual Reserve, Inc. and The Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm Foley & Lardner LLP and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE OR AUTHORITY** was delivered via the Court's CM/ECF system, which electronically transmitted notice of such filing to all counsel of record on this the 1st day of October, 2026, as follows:

Mark A. Miller
Elliot Hales
Olivia McQuarrie
DORSEY & WHITNEY LLP
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111

Mike Keyes
DORSEY & WHITNEY LLP
701 Fifth Ave., Suite 6100
Seattle, WA 98104-7043

Elissa Brockbank Reese
POTOMAC LAW GROUP, PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006

Ryan E. Hatch
HATCH LAW PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066

*Attorneys for Defendants Open Stories Foundation and John P. Dehlin*

*/s/ Rose Gledhill*